REVISED - September 17, 2001

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 00-50071

_____

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

LLAMA EDMIDIA ALARCON; SERGIO ALARCON-LOPEZ; and
RUBEN ALARCON-PINON,
*Defendants-Appellants.*

_____

Appeals from the United States District Court
for the Western District of Texas

_____

August 1, 2001

Before REYNALDO G. GARZA, HIGGINBOTHAM, and SMITH, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:

Llama Edimia Alarcon ("Llama"), Sergio Alarcon-Lopez ("Sergio"), and Ruben Alarcon-Pinon ("Ruben") (collectively "Appellants") appeal their convictions for using a minor to avoid detection of or apprehension for an offense. The Appellants also appeal the two-level offense level increase pursuant to the United State Sentencing Guidelines for using a minor to commit a crime. For the reasons stated below, we **Reverse** Sergio's conviction for using a minor to avoid detection of or apprehension for an offense, **Vacate** his sentence and **Remand** for re-sentencing, and we **Affirm** Ruben's and Llama's convictions for using a minor to avoid detection of or apprehension for an offense and the two-level offense level increase. Ruben, further, appeals the

admission into evidence of his prior arrest, the trial court's deliberate ignorance jury instruction, and his convictions for possession of marijuana and conspiracy to posses with intent to distribute marijuana. For the reasons stated below, we **Affirm** the admission into evidence of his prior arrest, the trial court's deliberate ignorance jury instruction, and Ruben's convictions.

1.      **Factual and Procedural Background**.

On August 19, 1999, the government charged the Appellants each with a count of conspiring to possess marijuana with intent to distribute in violation of 21 U.S.C. § 846 ("count one"); a count of possession with intent to distribute marijuana in violation of 21 U.S.C. § 841 (a)(1) ("count two"); and a count of using a minor to avoid detection of or apprehension for an offense in violation of 21 U.S.C. § 861 (a)(2) ("count three"). The Appellants pled not guilty to all three counts, and the trial court set the case for a jury trial.

At trial, the government presented evidence that Sergio was driving north on Highway 118 near Alpine, Texas in a blue Dodge pickup truck ("pickup") with Llama and her two minor children, that United States Border Patrol Agents stopped the pickup and discovered marijuana inside a hidden compartment under the pickup's bed, and expert testimony that drug smugglers use minors to try to avoid detection by appearing to be a family. The government, further, presented evidence that Ruben, Llama's father, was driving behind Sergio and Llama in a rented car alone, owned the pickup, and, over objection, that Ruben was previously arrested for transporting approximately 131 pounds of marijuana concealed in a borrowed truck's hidden compartment. The arresting agent also testified that when he asked Llama why her children were not riding with their grandfather, she told him that "there was not enough room in Ruben's rental car." The agent, further, testified that Llama did not have an explanation why her children were

2

not riding with their grandfather when confronted with the fact that Ruben's rental car did not have any luggage or passengers.

Ruben and Llama presented a defense; Sergio did not. Ruben's case-in-chief consisted of his own testimony and Esteban Garcia's, one of Ruben's friends. Through an interpreter, Ruben testified that he had sold the pickup to Jose Gutierrez Gonzales, but was now borrowing it, that he did not have knowledge of the marijuana found in the hidden compartment, and that Llama's children were traveling with her because the rented car did not have a stereo. Mr. Garcia testified that Ruben had earlier sold the pickup. After Mr. Garcia testified, Ruben rested.

Llama then presented a defense. Her case-in-chief consisted of her own testimony and Marco Alarcon's ("Marco"), one of her minor children that was in the pickup. Through an interpreter, Llama testified that she did not have knowledge of the marijuana and that her children were traveling with her, rather than with their grandfather, Ruben, because the children wanted to listen to music and the rental car did not have a stereo that could play cassettes. Marco then testified that he rode in the pickup because his battery operated CD player, which easily could have been transported to the rental car, was in the pickup. Following Marco's testimony, Llama rested.

After deliberation, the jury found the Appellants guilty on all three counts. The trial court sentenced Llama and Sergio each to three concurrent 78-month terms of imprisonment, which included a two-offense level increase pursuant to U.S. SENTENCING GUIDELINES MANUAL § 3B1.4 for using a minor to commit a crime. The trial court sentenced Ruben to three concurrent 84-month terms of imprisonment, which included a two-offense level increase pursuant to U.S. SENTENCING GUIDELINES MANUAL § 3B1.4 for using a minor to commit a crime. The trial court,

3

further, sentenced each Appellant to concurrent supervised release terms of five years for count

one, five years for count two, and eight years for count three.

**2.      Discussion**.

The Appellants contend that there was insufficient evidence to convict them for use of a

minor to avoid detection of or apprehension for an offense in violation of 21 U.S.C. § 861 (a)(2).

We agree as to Sergio.  Thus, we reverse his conviction for count three and vacate the

corresponding sentence.  We disagree as to Ruben and Llama.  Thus, we affirm their convictions

for count three.  The Appellants contend that the trial court erred by increasing their offense level

by two levels based on their convictions for count three pursuant to U.S. SENTENCING

GUIDELINES MANUAL § 3B1.4.  We agree as to Sergio.  Thus, we vacate his sentences and

remand for re-sentencing.  We disagree as to Ruben and Llama.  Thus, we affirm their sentences.

Ruben contends that the trial court committed reversible error when it admitted his prior arrest

into evidence, that the trial court committed reversible error when it gave its deliberate ignorance

jury instruction, and that there was insufficient evidence to prove he had knowledge that there

was marijuana in the pickup or to prove that he participated in a conspiracy.  We disagree.  Thus,

we affirm Ruben's convictions for counts one and two.

> **2.1      There was insufficient evidence to convict Sergio of using a minor to avoid
> detection of or apprehension for an offense, but sufficient evidence to convict
> Ruben and Llama.**

The Appellants contend that there was insufficient evidence to convict them of using a

minor to avoid detection of or apprehension for an offense in violation of 21 U.S.C. § 861 (a)(2).

At the close of the government's case-in-chief, the Appellants each moved for acquittal.  The trial

court denied their motions.  Thereafter, Llama and Ruben each presented a defense; Sergio did

not.

At the close of all the evidence, the Appellants all renewed their motions for acquittal.[1] Thus, we review the sufficiency of the evidence *de novo*. *United States v. Brown,* 186 F.3d 661, 664 (5th Cir. 1999); *United States v. Anderson,* 174 F.3d 515, 522 (5th Cir. 1999). If a defendant moves for acquittal at the end of the government's case-in-chief, but does not present evidence on her behalf during her case-in-chief, as Sergio did , we consider only the evidence presented during the government's case-in-chief, no matter whether a co-defendant testifies or not. *United States v. Belt,* 574 F.3d 1234, 1236 (5th Cir. 1978). If a defendant moves for acquittal at the end of the government's case-in-chief and presents evidence on her behalf during her case-in-chief, as Ruben and Llama did, we consider the entire record. *Id.* In both situations, we view the particular evidence in the light most favorable to the verdict, including all reasonable inferences and credibility choices. *United States v. Gonzales,* 617 F.2d 104, 106 (5th Cir. 1980).

Under the *de novo* standard of review, "we determine whether . . . a rational jury could have found the essential elements of the offense[]beyond a reasonable doubt." *United States v. Dean,* 59 F.3d 1479, 1484 (5th Cir. 1995). We are concerned only with "whether the jury made a rational decision, not [with] whether its verdict was correct on the issue of guilt or innocence." *Id.* We must reverse the conviction, under the *de novo* standard, if "the evidence is such that a reasonably minded jury must have a reasonable doubt as to the existence of any element of the crime," *Gonzales,* 617 F.2d at 106, or "the evidence . . . gives equal or nearly equal circumstantial

---

[1]In the parties respective briefs, there was some confusion as to whether the Appellants renewed their motions for acquittal at the close of all the evidence. It is clear, however, from a review of the record that they did, and the government conceded so at oral argument. *See* SUP. R. VOL. 4 at 94 (District Court stating "[l]et the record reflect that each attorney timely made a motion for acquittal after [all] the evidence closed.").

support to a theory of guilt and a theory of innocence." *Brown,* 186 F.3d at 664; *Dean,* 59 F.3d at 1484. Alternatively stated, this Court will only uphold a verdict if there is substantial evidence from which a rational trier of fact would have to find all the essential elements of the offense beyond a reasonable doubt. *Id.*

21 U.S.C. § 861 (a)(2) makes it a crime to "knowingly and intentionally–employ, hire, use, persuade, induce, entice, or coerce, a person under eighteen years of age to assist in avoiding detection [of] or apprehension for any offense. . . ." 21 U.S.C. § 861 (a)(2) (1999). During its case-in-chief, the government presented evidence that Llama's minor children were with her and Sergio in the pickup when United States Border Patrol Agents discovered the marijuana, expert testimony that drug smugglers use minors to try to avoid detection by appearing to be a family, and testimony from the arresting officer that Llama had stated to him that her children were riding with her because there was not enough room in the rental car and that Llama could not explain her answer why her children riding with her when confronted with the fact that the rental car had no luggage or passengers.

The government must prove beyond a reasonable doubt: 1) that the Appellants knowingly and intentionally employed, hired, or used, etc., these specific minor children, 2) to knowingly and intentionally avoid detection of or apprehension for the particular crime. 21 U.S.C. § 861 (a)(2) (1999). During its case-in-chief, the government did not produce any direct evidence that the Appellants employed, hired, or used, etc., these specific minor children. Nor did the government present evidence from which a rational trier of fact could infer the same.[2] The mere presence of

[2]We do not hold Sergio criminally culpable for Ruben and Llama's actions because a *Pinkerton* instruction, *Pinkerton v. United States,* 328 U.S. 640, 646-47, 66 S.Ct. 1180, 1183-84, 90 L. Ed. 1489 (1946), was not given. *See United States v. Garcia,* 242 F.3d 593, 596 n. 3 (5th

the children in the pick-up versus the rental car is not substantial evidence from which a rational jury could infer that the Appellants knowingly and intentionally employed, hired, or used, etc., Llama's minor children. *Cf. United States v. Anderson,* 174 F.3d 515, 523 (5th Cir. 1999) ("Mere presence of and association are insufficient to sustain a conviction for aiding and abetting."). The government must prove that the Appellants took some affirmative action. *Cf. id.* ("[t]he government must prove . . . that the defendants . . . took some affirmative action to make the venture succeed."). For example, the government would have to produce evidence that the Appellants made, wanted, or suggested that Llama's minor children ride in the pickup versus the rental car to satisfy the first element. Unlike the mere presence of the children, this evidence along with the expert testimony would be sufficient to infer that in the instant case the Appellants knowingly and intentionally used the children to avoid detection of or apprehension for the particular crime. Considering only the government's case-in-chief, we find that there is not substantial evidence from which a rational trier of fact would have to find beyond a reasonable doubt that the Appellants knowingly and intentionally employed, hired, or used, etc., Llama's minor children to avoid detection of or apprehension for a crime. Therefore, since Sergio did not present a defense, we reverse his conviction on count three and vacate the corresponding sentence.

Because Ruben and Llama presented a defense, we consider the evidence presented during their cases-in-chief to see if it fills the government's gaps. It does. There is a discrepancy between Ruben's, Llama's, and Marco's testimony during Ruben's and Llama's cases-in-chief and a discrepancy between Llama's earlier statements to the arresting agent and her testimony during

Cir. 2001); *United States v. Montgomery,* 210 F.3d 446, 450 n. 3 (5th Cir. 2000).

7

her case-in-chief. Ruben testified that Llama's children were traveling with her because the rental

car did not have a stereo. Llama testified that her children were traveling with her, rather than

with their grandfather, because the rental car did not have a stereo that could play cassettes.

Marco testified that he rode in the pickup because his battery operated CD player, which easily

could have been transported to the rental car, was in the pickup. During the government's case-

in-chief it presented evidence that Llama could not explain why her children were riding with her

when the agent confronted her with the fact that Ruben's rental did not have luggage or

passengers. Considering this evidence in the light most favorable to the verdict we find that it is

reasonable for a jury to infer that the real reason that Llama's children were in the pickup was to

avoid detection of or apprehension the particular crime. Therefore, we affirm their convictions

for count three and their corresponding sentences.

### 2.2 Since Sergio's conviction for count three must be reversed, his increased sentences must be vacated.

Sergio contends that his increased sentences, pursuant to U.S. SENTENCING GUIDELINES

MANUAL § 3B1.4 must be vacated.[3] Generally, we review the trial court's application of the

United States Sentencing Guidelines *de novo* and its factual findings for clear error. *United States

v. Ocana,* 204 F.3d 585, 588 (5th Cir. 2000). Sergio, however, did not object to the presentence

report or to the increase at sentencing. Thus, the standard of review is plain error. *Id.* Plain

error is "1) an error; 2) that is clear . . . ; and 3) that affects the defendant's substantial rights."

---

[3]Bearing in mind that we affirmed Ruben's and Llama's convictions for using a minor, we need not consider the contention that their increased sentences for using a minor should be vacated because there is insufficient evidence. The burden of proof for affirming their convictions is beyond a reasonable doubt, while the burden of proof in sentencing is a preponderance of the evidence.

*United States v. Miranda,* 248 F.3d 434, 443 (5th Cir. 2001).

In *United States v. Wilson,* we held that the trial court "plainly erred in resting its factual findings . . . on a verdict that we subsequently found to be infirm." 116 F.3d 1066, 1085 (5th Cir. 1997), *vacated in part sub. nom. United States v. Brown,* 123 F.3d 213 (5th Cir. 1997) (en banc). As in *Wilson*, the trial court in the instant case rested its factual findings for the increase in Sergio's offense level on a verdict, count three, that we have subsequently reversed. Thus, the first two elements of the plain error analysis are met. *See id.*

Generally, a defendant's substantial rights are affected if the error is prejudicial–that is, it affected the outcome of the trial court proceedings. *United States v. Olano,* 507 U.S. 725, 737, 113 S. Ct. 1770, 1778, 123 L. Ed. 2d 508 (1993); *Miranda,* 248 F.3d at 445. In the instant case, Sergio's offense level was increased by two levels. And we hold that the erroneous two-level increase in Sergio's offense level prejudiced his substantial rights. *See Wilson,* 116 F.3d at 1085, *vacated in part sub. nom. Brown,*123 F.3d 213. Based on the foregoing, we hold that the trial court's error was plain. *See id.*

Notwithstanding the plainness of the trial court's error, we will only correct forfeited error if the error "causes the conviction or sentence of an actually innocent defendant, . . . [or] seriously affects the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Olano,* 507 U.S. at 736-37, 113 S. Ct. at 1779; *Miranda,* 248 F.3d at 245. Generally, when a trial court incorrectly applies the United States Sentencing Guidelines, as it did here, the fairness, integrity, or public reputation of judicial proceedings is seriously affected. *See United States v. Hernandez-Guevara,* 162 F.3d 863, 867-78 (5th Cir. 1998). Therefore, we vacate Sergio's two-offense level increase pursuant to U.S. SENTENCING GUIDELINES MANUAL §

9

3B1.4, and remand for re-sentencing.

### 2.3 We affirm Ruben's convictions for counts one and two.

Ruben's remaining claims are not meritorious and require only summary treatment. He contends that the trial court committed reversible error when it admitted his prior arrest into evidence, that the trial court committed reversible error when it gave its deliberate ignorance jury instruction, and that there was insufficient evidence to prove that he had knowledge there was marijuana in the pickup or he participated in a conspiracy.

### 2.31 The admission of his prior arrest to prove state of mind or intent was not reversible error.

Ruben contends that the trial court violated FED. R. EVID. 404(b) by admitting his prior arrest into evidence. We review this type of evidentiary ruling under a heightened abuse of discretion standard. *United States v. Bently-Smith,* 2 F.3d 1368, 1377 (5th Cir. 1993). The heightened abuse of discretion standard requires that extrinsic evidence be relevant to an issue other than the defendant's character, that the evidence's probative value substantially outweigh any unfair prejudice, and that it meet FED. R. EVID. 403's other requirements. *Bently-Smith,* 2 F.3d at 1377. Normally, the trial court must explicitly perform this analysis on the record; however, if the party objecting to the admission fails to request the analysis, the trial court need not perform it on the record. *United States v. Fox,* 69 F.3d 15, 20 (5th Cir. 1995). Ruben did not request the analysis.

Ruben pled not guilty to counts one and two. By doing so, he placed his motive, intent, knowledge, and absence of mistake at issue. *United States v. Doggett,* 230 F.3d 160, 167 (5th Cir. 2000). Thus, evidence of extrinsic acts–for example, his prior arrest could be admissible. *Id.*

10

The trial court instructed the jury at least three times that Ruben was not on trial for his prior arrest and that evidence of the prior arrest was for the "very limited purpose . . . [of] state of mind or intent to commit the crime charged." Therefore, we cannot say that the trial court abused its discretion when it admitted evidence of Ruben's prior arrest.[4]

### 2.32 Giving the deliberate ignorance jury instruction was not reversible error.

Ruben contends that the trial court's deliberate ignorance jury instruction was improper. "A district court has broad discretion in framing instructions to the jury, and this Court will not reverse unless the instructions taken as a whole do not correctly reflect the issues and law." *United States v. McKinney,* 53 F.3d 664, 676 (5th Cir. 1995). A trial court should only give a deliberate ignorance instruction "when a defendant claims a lack of guilty knowledge and the proof at trial supports an inference of deliberate indifference." *Id.*

At trial, Ruben testified that he did not have knowledge of the marijuana found in the pickup's hidden compartment, that he had sold the pickup to Jose Gutierrez Gonzales, and that he was now borrowing it. Clearly, Ruben claims a lack of guilty knowledge. And considering the entire record, we cannot fairly say that it does not support an inference of deliberate indifference. Therefore, the trial court did not abuse its discretion when it gave the deliberate ignorance jury instruction.

### 2.33 There was sufficient evidence to prove Ruben had knowledge that there was marijuana in the pickup and participated in the conspiracy.

Ruben contends that there was insufficient evidence to convict him on counts one and two. Since he presented evidence on his behalf during his case-in-chief and failed to renew his

---

[4]We note, however, that this type of evidence has in reality the potential to be unduly prejudicial and misconstrued, even with an instruction, and a trial court should bear this in mind.

motion for acquittal at the close of all the evidence, we consider the entire record and review the evidence *de novo*. *See* Section 2.1 *supra*.

Viewing all of the evidence in the light most favorable to the verdict, including all reasonable inferences and credibility choices, there is substantial evidence from which a rational trier of fact would have to find Ruben guilty on counts one and two beyond a reasonable doubt.

### 3.    Conclusion

For the reasons stated above, we **Affirm** Ruben's convictions for counts one, two, and three; **Affirm** Llama's conviction for count three; and **Reverse** Sergio's conviction for count three, **Vacate** the corresponding sentence, **Vacate** the two-offense level increase, and **Remand** for re-sentencing.[5]

---

[5]Any issue not addressed in this opinion was considered, but deemed to be without merit.