**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

————————

No. 00-51276

(Summary Calendar)

————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DACIOUS HUNTER,

Defendant - Appellant.

————————————————————————————

Appeal from the United States District Court
For the Western District of Texas
U.S.D.C. No. A-00-CR-35-2-JN

————————————————————————————

September 24, 2001

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:*

     Dacious Hunter ("Hunter") appeals his sentence for distribution of crack cocaine, in violation

of 21 U.S.C. § 841(a)(1).  We vacate and remand for resentencing.

     Hunter pleaded guilty to distribution of crack cocaine.  The Presentence Investigation Report

     *     Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

("PSR") found that Hunter had a criminal history score of 10, resulting in a criminal history category V. The PSR reached that total by including one point for Hunter's conviction for driving with a suspended license. The government moved for a one-level downward departure pursuant to U.S.S.G. § 5K1.1. The district court granted Hunter a three-level downward departure. Thus, the district court found that Hunter had an offense level 30 and criminal history category V, resulting in a guideline range of 151-188 months' imprisonment. The district court sentenced Hunter to 151 months' imprisonment and three years' supervised release.

On appeal, Hunter contends that the district court sentenced him under the incorrect criminal history category because the PSR attributed one criminal history point to him based on his conviction for driving with a suspended license which should have been excluded under U.S.S.G. § 4A1.2(c)(1).[1] Alternatively, Hunter asserts that he received ineffective assistance of counsel because of his counsel's failure to object to this error.

Because Hunter did not object in the district court to his criminal history score, we review this claim for plain error only. *See United States v. Hawkins*, 87 F.3d 722, 730 (5th Cir. 1996). To show plain error, Hunter must demonstrate: "(1) that there was error; (2) that it was clear and obvious; and (3) that it affected the [his] substantial rights." *United States v. Cano-Guel*, 167 F.3d 900, 905 (5th Cir. 1999). Even if Hunter meets these criteria, we exercise our discretion to reverse only if the forfeited error "seriously affects the fairness, integrity or public reputation of judicial proceedings."

---

[1]     As part of his plea agreement, Hunter waived his right to appeal his sentence. The Government concedes that this waiver of appeal provision does not preclude Hunter from raising his sentencing claim. We will not enforce a waiver of appeal provision "where the government explicitly states that it 'chooses not to rely on [the defendant's] waiver of appeal.'" *United States v. Rhodes*, 253 F.3d 800, 804 (5th Cir. 2001). Accordingly, Hunter's waiver does not preclude us from reaching the merits of his appeal.

*United States v. Olano*, 507 U.S. 725, 732, 113 S. Ct. 1770, 1777, 123 L. Ed. 2d 508 (1993).

Hunter contends that his driving with a suspended license conviction should not have been included in the calculation of his criminal history because it resulted in a five-day jail sentence. U.S.S.G. § 4A1.2(c)(1) provides that a sentence for "driving without a license or with a revoked or suspended license" is counted towards a defendant's criminal history only if "the sentence was a term of probation of at least one year or a term of imprisonment of at least thirty days, or [] the prior offense was similar to an instant offense." The government concedes, and we agree, that the inclusion of this conviction was obvious error.

Nonetheless, the government maintains that the district court's error did not affect Hunter's substantial rights because the record reflects that the district court had a particular sentence in mind, regardless of Hunter's criminal history or category. We disagree. The inclusion of this point changed his criminal history computation from 9 to 10, changing his criminal history category from IV to V. As a result, the guideline range for his sentence would have been 135-168 months' imprisonment. In *United States v. Cabral-Castillo*, 35 F.3d 182, 189 (5th Cir. 1994), we found that even though the defendant's sentence fell within the correct guideline range "his sentence may well have been affected by the district court's error, particularly in light of the district court's willingness to impose the lowest sentence within the incorrect sentencing guidelines range." Here, too, Hunter's sentence falls within the correct guideline range and the district court was willing to sentence Hunter to the lowest sentence within the correct range. Thus, we find that Hunter's substantial rights were affected.

Further, we conclude that the exercise of our discretion to correct this error is warranted. We have found that "generally, when a trial court incorrectly applies the United States Sentencing Guidelines, . . . the fairness, int egrity, or public reputation of judicial proceedings is seriously

affected." *United States v. Alarcon*, — F.3d —, No. 00-50071, 2001 WL 871776 at \*5 (5th Cir. Aug. 1, 2001). Moreover, while "we need not waste judicial resources by remanding for what undoubtedly would be a rote resentencing[,]" the record does not indicate that such would be the result. As noted above, given that the district court sentenced Hunter to the minimum sentence within the *incorrect* guideline range, had it correctly determined the criminal history category, it may well have chosen to sentence Hunter to the minimum within the *correct* guideline range. *United States v. Hernandez-Guevara*, 162 F.3d 863, 877 (5th Cir. 1998). Accordingly, we VACATE Hunter's sentence and REMAND for resentencing.[2]

---

[2]     We intimate no view as to the propriety of any sentence within the applicable guidelines range. Given our resolution of Hunter's sentencing claim, we need not address his alternative claim of ineffective assistance of counsel.