IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-21100
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS HILARIO-CARPIO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-475-1
--------------------
October 30, 2001

Before DAVIS, BENAVIDES and STEWART, Circuit Judges.

PER CURIAM:[*]

Jesus Hilario-Carpio appeals his sentence for illegal reentry, raising four issues. First, Hilario-Carpio argues that the district court erred in enhancing his sentence by 16 offense levels under U.S.S.G. § 2L1.2 based on his previous conviction of driving while intoxicated (DWI), a Texas felony. Hilario-Carpio correctly notes that under United States v. Chapa-Garza, 243 F.3d 921, 927 (5th Cir. 2001), felony DWI is not a crime of violence as defined by 18 U.S.C. § 16(b), and therefore not an "aggravated felony" for purposes of U.S.S.G. § 2L1.2.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hilario-Carpio did not raise this issue before the district court. Because the issue is raised for the first time on appeal, this court reviews for plain error. United States v. Calverley, 37 F.3d 160, 162 (5th Cir. 1994). Under the analysis outlined in United States v. Olano, 507 U.S. 725, 730-36 (1993), this court may reverse for plain error only if (1) there was an error (2) that was clear and obvious and (3) that affected a defendant's substantial rights. Where these elements are present, a court may exercise its discretion to correct the error if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." Id.

Hilario-Carpio satisfies the plain error criteria. The district court's error is readily apparent under current law as announced in Chapa-Garza, and the erroneous 16-level increase affected Hilario-Carpio's substantial rights. See United States v. Alarcon, ___ F.3d ___ (5th Cir. Aug. 1, 2001, No. 00-50071), 2001 WL 871776 at *5 (two-level increase affects substantial rights). In deciding whether to exercise our discretion to correct plain error, this court has considered whether applying the proper rule would result in significant reduction in the length of a sentence. United States v. Miranda, 248 F.3d 434, 445 (5th Cir. 2001). Hilario-Carpio's sentence is substantially reduced by application of the rule announced in Chapa-Garza.

As Hilario-Carpio has carried his burden under the plain error standard, we VACATE Hilario-Carpio's sentence and REMAND this matter to the district court for resentencing consistent with this opinion. In view of our disposition of the above

issue, Hilario-Carpio's argument that his prior aggravated felony was an element of the offense that had to be included in the indictment is moot.

Hilario-Carpio's two remaining arguments are without merit. His contention that his indictment violates the Fifth and Sixth Amendments because it does not allege intent on his part is effectively foreclosed by United States v. Berrios-Centeno, 250 F.3d 294, 298-300 and n.4. (5th Cir. 2001), petition for cert. filed, July 24, 2001, No. 01-5535, wherein a similarly-worded indictment was upheld against a constitutional challenge. Finally, as Hilario-Carpio recognizes, his argument that the district court erred in not suppressing evidence of his deportation due to alleged procedural deficiencies in his administrative deportation proceedings is foreclosed by United States v. Benitez-Villafuerete, 186 F.3d 651, 657-58 (5th Cir. 1999), cert. denied, 528 U.S. 1097 (2000).

Sentence VACATED; REMANDED for resentencing.