**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 02-30226

(Summary Calendar)

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TORRENCE NEAL,

Defendant-Appellant.

Appeal from the United States District Court
For the Eastern District of Louisiana
USDC No. 01-CR-191-3

November 20, 2002

Before DAVIS, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Torrence Neal appeals his conviction for conspiring to distribute between 5 and 50 grams of

crack cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1). He argues that the district court erred

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in admitting evidence of two prior arrests for crack cocaine possession with the intent to distribute.

We review the district court's decision to admit extrinsic evidence under a heightened abuse of discretion standard. *United States v. Alarcon*, 261 F.3d 416, 424 (5th Cir. 2001). The admission of such evidence involves a two-step inquiry. First, we determine whether the extrinsic evidence is relevant to an issue other than the defendant's character. Second, we examine whether the probative value of the evidence outweighs its prejudicial effect. *United States v. Hernandez-Guevara*, 162 F.3d 863, 870 (5th Cir. 1998); *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978).

In this case, the district court correctly found that the extrinsic evidence was relevant for non-character purposes, including Neal's intent. *See United States v. LeBaron*, 156 F.3d 621, 625 (5th Cir. 1998) ("In the context of a conspiracy case, the mere entry of a not guilty plea sufficiently raises the issue of intent to justify the admissibility of extrinsic offense evidence.") (internal quotation marks omitted).

Neal contends that the probative value of the extrinsic evidence did not outweigh its prejudicial effect. First, he claims that the government had adequate alternative evidence of intent. However, the alternative evidence (the testimony of a co-conspirator) was less credible and not of equal probative value. *Cf. Old Chief v. United States*, 519 U.S. 172, 183 n.7 (1997) ("On appellate review . . . a defendant must establish abuse of discretion, a standard that is not satisfied by a mere showing of some alternative means of proof that the prosecution in its broad discretion chose not to rely upon.").

Second, Neal claims that, because he did not actively contest the issue of intent, the prior acts had little probative value. As noted, however, a defendant places his intent at issue merely by pleading not guilty. The government may introduce extrinsic evidence when the defendant fails to

stipulate to the issue of intent. *See United States v. Scott*, 48 F.3d 1389, 1396 (5th Cir. 1995).

Third, Neal contends that the extrinsic acts had little probative value because they were not very similar to the charged offense. The district court found, however, that the prior arrests were sufficiently similar because they involved the same drug and were not too remote in time (each occurred within approximately two years of the charged offense). The court did not abuse its discretion in making that determination. *See United States v. Peters*, 283 F.3d 300, 312 (5th Cir. 2002) ("[T]he evidence of [the defendant's] prior sales of cocaine . . . was relevant to prove his knowledge of and experience with crack cocaine sales in the area and his continuing intent to sell crack cocaine.").

AFFIRMED.