**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

**No. 02-40224**
**Summary Calendar**

---

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**RUBEN ZUNIGA,**

**Defendant-Appellant.**

---

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(B-01-CR-443-1)**

---

January 24, 2003

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Ruben Zuniga appeals his guilty-plea conviction for possession with intent to distribute more than 50 kilograms of marihuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). Zuniga contends the district court erred by imposing, pursuant to U.S.S.G. § 3B1.4, a two-level sentencing enhancement for using a minor to avoid detection of an offense.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A district court's interpretation and application of the Sentencing Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., **United States v. Lowder***, 148 F.3d 548, 552 (5th Cir. 1998). Section 3B1.4 authorizes a two-level increase "[i]f the defendant used or attempted to use a person less than eighteen years of age to commit the offense or assist in avoiding detection of, or apprehension for, the offense...."

Zuniga took inconsistent positions with respect to his companion and her child, who were Zuniga's passengers in the vehicle transporting marihuana. *See **United States v. Alarcon***, 261 F.3d 416, 423 (5th Cir. 2001), *cert. denied*, 122 S. Ct. 854 (2002). The district court did not clearly err in finding Zuniga and his companion transported the child to evade suspicion by customs agents.

Zuniga also asserts, for the first time on appeal, that the provisions in 21 U.S.C. § 841(a) and (b) are unconstitutional in the light of ***Apprendi v. New Jersey***, 530 U.S. 466 (2000). Zuniga concedes his contention is foreclosed by ***United States v. Slaughter***, 238 F.3d 580, 582 (5th Cir. 2000), *cert. denied*, 532 U.S. 1045 (2001); he raises it to preserve it for Supreme Court review.

*AFFIRMED*

2