United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 16, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

------

No. 03-40370
Summary Calendar

------

HAROLD R. HAYES, II,

Plaintiff-Appellant,

versus

MARK A. DIAZ; ET AL.,

Defendants,

MARK A. DIAZ; SABAS ENCINIA, JR.,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(C-98-CV-325)
--------------------

Before JOLLY, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Harold R. Hayes, II, Texas prisoner number 536997, filed the instant suit, alleging that the defendants had violated his right of access to courts by unreasonably denying him legal visits with a more knowledgeable inmate. The case proceeded to trial, and a jury found in favor of the defendants. The magistrate judge denied Hayes's motion for a new trial and entered

------

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judgment in favor of the defendants. Hayes now appeals that judgment.

Hayes's primary argument is that the magistrate judge erred in denying his motion for new trial. Because Hayes failed to move for a directed verdict, we will review this claim only to determine whether there is "<u>any</u> evidence to support the jury's verdict, irrespective of its sufficiency, or whether plain error was committed which, if not noticed, would result in a manifest miscarriage of justice." <u>Illinois Central Gulf Railroad Co. v. International Paper Co.</u>, 889 F.2d 536, 541 (5th Cir. 1989) (internal citation omitted); <u>see also</u> <u>McConney v. City of Houston</u>, 863 F.2d 1180, 1187 (5th Cir. 1989).

Hayes has not shown that the magistrate judge erred in denying his motion for new trial. The defendants' statements that they did not recall reviewing Hayes's requests for legal visits, combined with Hayes's own testimony that unnamed officers would dispose of his written requests for visits, provides some evidence to show that the defendants took no personal action against Hayes and thus did not violate his right of access to courts. Accordingly, this evidence is sufficient to support the jury's verdict in favor of the defendants under the applicable standard of review. Hayes has not shown that the magistrate judge erred in denying his motion for new trial.

Hayes also argues that the magistrate judge erred in admitting his disciplinary record into evidence because the record

2

constituted inadmissible evidence of his extrinsic bad acts.  We review this issue under a heightened abuse of discretion standard. United States v. Alarcon, 261 F.3d 416, 424 (5th Cir. 2001), cert. denied, 534 U.S. 1099 (2002).

Hayes has not shown that the magistrate judge abused her discretion in admitting the report.  This evidence was highly relevant to one of the theories put forth by the defense and thus shed light on an issue other than Hayes's character.  See United States v. Beechum, 582 F.2d 898, 911 (5th Cir. 1978) (en banc). Moreover, the probative value of this evidence outweighed any prejudicial effect it may have had, especially in light of Hayes's testimony concerning his disciplinary convictions.  Hayes's argument on this issue is unavailing.

Finally, the appellants argue that, even if they did violate Hayes's constitutional rights, they are not liable to him because they are entitled to qualified immunity.  Because Hayes has not shown that the jury's verdict should be overturned, we need not consider this issue.  The judgment of the district court is AFFIRMED.