United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 21, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40618
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE MONTOYA-RUBIO,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-02-CR-500-1
---------------------

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jose Montoya-Rubio (Montoya) appeals his sentence following his guilty plea conviction for being found in the United States after deportation. He contends that the district court plainly erred in imposing a 16-level enhancement at sentencing under U.S.S.G. § 2L1.2(b)(1)(A)(ii), based on his prior conviction for felony robbery, a crime of violence. We agree.

The guideline requires that the defendant must have been deported after the felony or that he remained in the United States

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in contravention of a remand order issued after the conviction. Montoya was deported in November 1999; he was placed on deferred adjudication for the robbery in August 2000 and was adjudicated guilty in February 2002. Accordingly, he was not deported after the felony and he did not remain in the United States in contravention of a remand order issued after the conviction. As the government concedes, these circumstances make Montoya ineligible for the 16-level enhancement and his sentence constitutes plain error.[1] Consequently, the sentence imposed by the district court is VACATED and the case is REMANDED for resentencing.

Montoya also asserts for the first time on appeal that 8 U.S.C. § 1326(b) is unconstitutional in light of *Apprendi v. New Jersey*.[2] In light of the recommended remand, this issue is arguably moot. Moreover, as Montoya concedes, his argument is foreclosed by *Almendarez-Torres v. United States*,[3] but he raises the issue to preserve it for Supreme Court review.[4] The judgment of the district court is AFFIRMED as to this ground.

---

[1] *See United States v. Alarcon*, 261 F.3d 416, 423 (5th Cir. 2001), *cert. denied*, 534 U.S. 1099 (2002).

[2] 530 U.S. 466 (2000).

[3] 523 U.S. 224 (1998).

[4] *See United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir. 2000).