**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 23, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41657
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

ELPIDIA REYES; MARIA SAENZ,

                              Defendants-Appellants.

---------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. B-02-CR-331
---------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Elpidia Reyes and Maria Saenz appeal from their convictions

and sentences following a jury trial for conspiracy to possess

with intent to distribute (count one) and possession with intent

to distribute (count two) more than 500 grams of cocaine, in

violation of 21 U.S.C. §§ 841, 846.  Finding no reversible error,

we affirm.

    Saenz argues that the evidence was insufficient to support

her conviction because, although she was charged with offenses

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

involving more than 500 grams of cocaine, a DEA lab analysis of the substance seized showed a net weight of 493.2 grams and a pure drug amount of 399.4 grams.  Saenz stipulated at trial that the amount of drugs at issue was 566 grams.  After reviewing the record, we conclude that the evidence was sufficient.  See Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Jaramillo, 42 F.3d 920, 923 (5th Cir. 1995); see also United States v. Branch, 46 F.3d 440, 442 (5th Cir. 1995).

Saenz next argues that her trial counsel rendered ineffective assistance by stipulating to a drug quantity in excess of 500 grams.  We decline to reach the merits of Saenz's argument on direct appeal.  See United States v. Navejar, 963 F.2d 732, 735 (5th Cir. 1992); United States v. Bounds, 943 F.2d 541, 544 (5th Cir. 1991).

Saenz argues that the district court erroneously determined her base offense level without reference to the 399.4-gram weight of the pure drugs.  Saenz did not make this argument to the district court, and we conclude that there was no plain error in the district court's calculation of the base offense level.  See U.S.S.G. § 2D1.1(c), Note (A) & comment. (n.1): United States v. Medina-Anicacio, 325 F.3d 638, 643 (5th Cir. 2003).

Finally, Saenz argues that the district court erroneously imposed a supervised release term of four years instead of three years.  The district court determined for sentencing purposes that the amount of cocaine at issue was 493 grams, which is less

than the 500 grams necessary for a four-year term of supervised release under 21 U.S.C. § 841(b)(1)(B). The Government concedes that Saenz should have been sentenced to three years of supervised release. Therefore, we modify the district court's judgment to reflect a three-year supervised release term and affirm the judgment as modified. See United States v. Cooper, 274 F.3d 230, 244 (5th Cir. 2001); United States v. Doggett, 230 F.3d 160, 165 n.2 (5th Cir. 2000).

Reyes argues that the district court erroneously admitted evidence under FED. R. EVID. 404(b) of an extraneous conviction imposed upon her for possession of marijuana that occurred two weeks after the events charged in the indictment in this case. She further argues that the district court failed to make the required probative-value-versus-prejudicial-effect analysis on the record. We conclude that the district court did not abuse its discretion by admitting the extraneous offense evidence. See United States v. Bermea, 30 F.3d 1539, 1561 (5th Cir. 1994); United States v. Roberts, 619 F.2d 379, 383 (5th Cir. 1980); United States v. Beechum, 582 F.2d 898, 911 (1978)(en banc). Because Reyes did not request that the district court make the probative value/prejudice analysis, the district court was not required to make the analysis on the record. United States v. Alarcon, 261 F.3d 416, 424 (5th Cir. 2001).

The district court's judgment as to Saenz is AFFIRMED AS MODIFIED. The district court's judgment as to Reyes is AFFIRMED.