United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 7, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 05-50140
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MANUEL LIMON-RIVERA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:04-CR-1967-ALL-DB
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Manuel Limon-Rivera (Limon) appeals his conviction and
sentence for illegal reentry. See 8 U.S.C. § 1326. He argues
that the district court plainly erred in characterizing his prior
battery conviction as a "crime of violence" under U.S.S.G.
§ 2L1.2(b)(1)(A) and using it to increase his guideline offense
level by 16.

In determining whether an offense is a crime of violence,
this court "looks to the elements of the crime, not to the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

defendant's actual conduct in committing it." United States v. Calderon-Pena, 383 F.3d 254, 257 (5th Cir. 2004) (en banc). "As the elements of an offense come from the statute of conviction, the elements, and not the defendant's underlying conduct, are the proper focus." Id. However, if the statute contains disjunctive elements, the charging instrument may be consulted. See Calderon-Pena, 383 F.3d at 258. Because proof of the intentional use of force is not required for a conviction under the Arkansas second degree battery statute, ARK. CODE ANN. § 5-13-202, and because the charging instrument is not part of the record from which the disjunctive elements of § 5-13-202 can be determined, we cannot conclude that Limon's prior battery conviction is a "crime of violence" under § 2L1.2(b)(1)(A). See United States v. Vargas-Duran, 356 F.3d 598, 605 (5th Cir.)(en banc), cert. denied, 541 U.S. 965 (2004). The district court plainly erred in characterizing it as such. United States v. Alarcon, 261 F.3d 416, 423-24 (5th Cir. 2001). Accordingly, Limon's conviction is AFFIRMED, his sentence is VACATED, and this case is REMANDED for resentencing.

As Limon concedes, Almendarez-Torres v. United States, 523 U.S. 224 (1998) forecloses his argument that the "aggravated felony" portion of 8 U.S.C. § 1326(b)(2) defines a separate offense which must be charged in the indictment. Apprendi v. New Jersey, 530 U.S. 466 (2000), did not overrule Almendarez-Torres. See United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).

CONVICTION AFFIRMED; SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING.