United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 9, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-41767
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CECILIO BUSTAMANTE-CASTILLO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:05-CR-1364
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Cecilio Bustamante-Castillo appeals his guilty-plea conviction and sentence for illegal reentry after deportation. Bustamante-Castillo received a sentence of 32 months of imprisonment, which included an enhancement based on 8 U.S.C. § 1326(b)(2) because his previous deportation occurred following an aggravated felony conviction.

Bustamante-Castillo asserts that his conviction and sentence are unconstitutional in light of Apprendi v. New Jersey, 530 U.S.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

466 (2000), because 1) § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than offense elements is unconstitutional and 2) neither his indictment nor plea colloquy indicated that his previous deportation had occurred following an aggravated felony conviction.

Bustamante-Castillo's challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although he contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Bustamante-Castillo properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

Bustamante-Castillo also contends that his sentence should be vacated because the district court committed reversible plain error by assessing three criminal history points under U.S.S.G. § 4A1.1(a) and (b) for his 1996 possession of marijuana conviction, which carried a 12-month sentence. Because Bustamante-Castillo did not raise this issue in the district court, we review it for plain error. See United States v.

Arviso-Mata, 442 F.3d 382, 384 (5th Cir. 2006), cert. denied, 126 S. Ct. 2309 (2006). Under the plain-error standard of review, "reversal is not required unless there is (1) an error; (2) that is clear or plain; (3) that affects the defendant's substantial rights; and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Vasquez, 216 F.3d 456, 459 (5th Cir. 2000).

According to the Sentencing Guidelines, three criminal history points are assigned for each prior sentence of imprisonment exceeding 13 months, and two criminal history points are assigned for each prior sentence of imprisonment that is at least 60 days but 13 months or less. See U.S.S.G. § 4A1.1(a), (b). Because Bustamante-Castillo's 1996 marijuana possession conviction carried a 12-month sentence, it should have been assigned only two criminal history points. See id.

The assignment of three criminal history points in this instance was erroneous, plainly contrary to the provisions of § 4A1.1(a) and (b), and detrimental to Bustamante-Castillo's substantial rights in that it incorrectly inflated his sentencing guidelines range. "Generally, when a trial court incorrectly applies the United States Sentencing Guidelines, as it did here, the fairness, integrity, or public reputation of judicial proceedings is seriously affected." United States v. Alarcon, 261 F.3d 416, 424 (5th Cir. 2001). Accordingly, this error

requires that Bustamante-Castillo's sentence be vacated and his case remanded for resentencing in accordance with this opinion.

Because vacating and remanding Bustamante-Castillo's sentence is necessary based on this error alone, we do not reach Bustamante-Castillo's remaining sentencing issues. See United States v. Akpan, 407 F.3d 360, 377 n.62 (5th Cir. 2005). Bustamante-Castillo's motion to summarily affirm the judgment in part, vacate the judgment in part, and remand for resentencing is denied as unnecessary.

CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED; MOTION DENIED AS UNNECESSARY.