## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 19, 2012

Lyle W. Cayce
Clerk

No. 11-40862
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

VICTOR MARQUEZ-RODRIGUEZ; JOSE MENA-GALVAN,

Defendants - Appellants

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 2:11-CR-315-1

Before BARKSDALE, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:[*]

For their convictions for conspiracy to possess with intent to distribute, and possession with intent to distribute, marijuana, Victor Marquez-Rodriguez and Jose Mena-Galvan contend the evidence was insufficient to support finding they possessed the requisite guilty knowledge. Marquez also presents an evidentiary-ruling challenge and maintains his written judgment should be amended.

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Regarding the sufficiency claim, both defendants moved for judgment of acquittal at the end of the Government's case-in-chief, and again at the close of all the evidence; therefore, sufficiency-of-the-evidence review is *de novo*. *E.g.*, *United States v. Alarcon*, 261 F.3d 416, 421 (5th Cir. 2001). Our court "determine[s] whether . . . a rational jury could have found the essential elements of the offense[ ] beyond a reasonable doubt". *Id.* (alterations in original) (citation omitted).

Marquez did not present evidence; as such, his sufficiency contention will be analyzed by considering only the evidence presented during the Government's case-in-chief. *Id.* Because Mena testified, the entire record is considered in reviewing his claim. *Id.*

For the sufficiency claim, the element at issue is guilty knowledge: whether Marquez and Mena knew of the agreement to possess the controlled substance with intent to deliver; and whether they knowingly possessed the controlled substance with intent to deliver. *E.g.*, *United States v. Martinez-Lugo*, 411 F.3d 597, 599 n.1 (5th Cir. 2005). The following evidence, viewed in the requisite light most favorable to the Government, establishes there was substantial evidence from which a rational jury could find that element beyond a reasonable doubt. *Alarcon*, 261 F.3d at 421-22.

For example, the Government adduced testimony that the atypical demeanor at the checkpoint of Marquez and Mena, two experienced truck drivers, was something other than a "normal reaction to circumstances which one does not understand". *United States v. Williams-Hendricks*, 805 F.2d 496, 500 (5th Cir. 1986). Marquez and Mena both gave inconsistent statements to law enforcement regarding whether the load was picked up in Edinburg, Texas, or Hidalgo, Texas, and Mena made inconsistent statements to law enforcement and at trial regarding whether he spoke with a broker in conjunction with the contraband load. *E.g.*, *United States v. Diaz-Carreon*, 915 F.2d 951, 955 (5th Cir. 1999) (inconsistent statements inherently suspicious). Marquez gave an

implausible explanation to law enforcement that he learned of the load through a broker and another intermediary, but had no contact information for either. *Id.*    The Government adduced evidence that Marquez and Mena were transporting the contraband in a cover load consisting of spoiled produce. Testimony established three bills of lading possessed by Marquez and Mena were so false that a rational jury could have deemed it unlikely for a drug operation to leave the bills with innocent drivers who had no knowledge of the true destination. *E.g.*, *United States v. Moreno-Gonzalez*, 662 F.3d 369, 373 (5th Cir. 2011).    Each bill of lading, which represented different shippers and receivers in different parts of the country, referenced temperature recorders that came from the same case.    Finally, the jury was free to infer the requisite knowledge from the sheer quantity of marijuana at issue, nearly 5,000 pounds. *Id.*

Marquez additionally maintains the district court abused its discretion in admitting into evidence his and Mena's cell-phone records, as well as the cell-phone records of a Boost Mobile phone with a 956 area code.   He contends this evidence was not relevant because the Government could not link the owner of the 956 number to drugs or to the load in question.    Assuming, *arguendo*, that the district court abused its discretion in this regard, given the strength of the remaining circumstantial evidence of guilty knowledge, any error was harmless and did not substantially influence the jury's verdict.  FED. R. EVID. 103(a); *e.g.*, *United States v. Lowery*, 135 F.3d 957, 959 (5th Cir. 1998).

Finally, we remand pursuant to Federal Rule of Criminal Procedure 36 for the limited purpose of correcting the "Truck Driving" special condition of supervised release provision of Marquez' written judgment.   That provision requires him to declare he is on supervised release for "a[n] alien smuggling offense" if, while engaged in truck driving, he arrives at a checkpoint, border crossing, or weigh station, or is stopped for a safety inspection or traffic violation.   As the Government agrees, "alien smuggling offense" should be

No. 11-40862

changed to "drug-related offense", as was orally pronounced at sentencing. *E.g.*, *United States v. Sapp*, 439 F.2d 817, 821 (5th Cir. 1971).

AFFIRMED; REMANDED TO AMEND JUDGMENT FOR MARQUEZ.