# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 11-31135
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 27, 2012

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PAUL EDWARD CARNEY,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:11-CR-18-1

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Paul Edward Carney was convicted by a jury of possessing counterfeit obligations of the United States in violation of 18 U.S.C. § 472. He argues that the evidence was insufficient to support a jury finding that he possessed the counterfeit obligations with the intent to defraud. He further argues that the district court clearly erred in enhancing his sentence pursuant to U.S.S.G. § 2B5.1(b)(1)(B). We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review *de novo* the sufficiency of the evidence against Carney. *See United States v. Alarcon*, 261 F.3d 416, 421 (5th Cir. 2001). Under the de novo standard of review, we view the evidence in the light most favorable to the verdict and "determine whether . . . a rational jury could have found the essential elements of the offense[ ] beyond a reasonable doubt." *Id.* (internal quotation marks and citation omitted). Carney erroneously contends that the statute of conviction requires the Government to prove that the counterfeit money was circulated; neither the statute's plain language nor our caselaw supports this contention. Section 472 criminalizes the behavior of any defendant who, "with intent to defraud, passes or keeps in his possession or conceals" any counterfeited obligation of the United States. §472. To establish the substantive offense, the Government was required to show that Carney "passed or possessed counterfeit money and that [he] did so with the intent to defraud." *See United States v. Rice*, 652 F.2d 521, 526 (5th Cir. 1981).

Viewed in the light most favorable to the jury verdict, the evidence established beyond a reasonable doubt that Carney was found in possession of $8,955 in counterfeit bills. The evidence further established that Carney knew the money was counterfeit, as he admitted to manufacturing it during his interview with the Secret Service. The jury was free to discredit Carney's testimony to the contrary, particularly in light of the circumstantial evidence of his guilty knowledge. *See Alarcon*, 261 F.3d at 421; *Rice*, 652 F.2d at 526. The circumstantial evidence supporting his guilty knowledge consisted of the condition in which the currency was discovered – in uncut sheets stashed in the rafters of his shed – as well as the discovery of poker chips on top of his dryer, which testimony established is used to condition counterfeit bills.

With regard to the element of intent to defraud, the Government was required to prove that the counterfeit currency was possessed with the intent "to cheat someone by making that person think the money was real." *See* FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS (CRIMINAL CASES) § 2.25 (2001). Carney's

intent to defraud was established by his statement to the Secret Service that he intended to use the counterfeit currency to purchase narcotics and in the prostitution trade. In light of the preceding, the evidence was sufficient to support a finding beyond a reasonable doubt that Carney possessed the counterfeit currency with the intent to defraud. *See Rice*, 652 F.2d at 526.

Carney additionally challenges his Section 2B5.1(b)(1)(B) sentencing enhancement on the basis that only those counterfeit notes of passable quality should have been included in the total face value. The district court's determination of the quality of counterfeit notes in determining whether to apply this enhancement is a factual finding, which is subject to the clearly erroneous standard of review. *United States v. Bollman*, 141 F.3d 184, 186-87 (5th Cir. 1998). A finding is not clearly erroneous "as long as the determination is plausible in light of the record as a whole." *United States v. Ismoila*, 100 F.3d 380, 396 (5th Cir. 1996).

In this case, the district court examined the counterfeit notes, it heard expert trial testimony regarding their quality, it heard sentencing testimony that some of the bills had been circulated, and it discounted those bills that were obviously not passable. Based on our precedent, it cannot be said that the district court clearly erred in applying the Section 2B5.1(b)(1)(B) enhancement. *See United States v. Wyjack*, 141 F.3d 181, 184 (5th Cir. 1998); *Bollman*, 141 F.3d at 186-87.

AFFIRMED.