# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-51153
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**
September 1, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HUGO CESAR ESPINOZA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:16-CR-253-1

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Pursuant to a written plea agreement, Defendant-Appellant Hugo Cesar Espinoza pleaded guilty to Count One of a three-count indictment charging him with conspiracy to possess with the intent to distribute 50 grams or more of methamphetamine. On the government's motion, Counts Two and Three of the indictment were dismissed. The district court sentenced Espinoza to a within-guidelines sentence of 168 months of imprisonment and four years of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

supervised release.  On appeal, Espinoza argues that the district court erred in calculating his base offense level by including the quantity of drugs subject to the two dismissed counts to determine the total amount of drugs for which he was held accountable.  He also argues that he received ineffective assistance of counsel when his counsel failed to object to the district court's calculation in this regard.

As a preliminary matter, the appeal waiver in Espinoza's plea agreement would appear to bar this appeal in its entirety, including Espinoza's ineffective assistance of counsel claims.  However, it does not appear that the government seeks to enforce it.  Importantly, while the government notes the existence of the waiver, it does not object to the appeal on the grounds of waiver, nor does it seek dismissal of the appeal on those grounds.  *See United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006) ("In the absence of the [G]overnment's objection to Story's appeal based on his appeal waiver, the waiver is not binding because the [G]overnment has waived the issue").  Accordingly, we review the merits of Espinoza's claims.

Espinoza failed to preserve his argument that the district court erred in determining his base offense level based on its drug-quantity findings.  Accordingly, our review is for plain error.  *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).  To show plain error, Espinoza must show a forfeited error that is clear or obvious and that affects his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*

A defendant's base offense level for a drug offense is determined by the quantity of drugs involved in the offense and other drugs not specified in the

count of conviction attributable as relevant conduct.  *See* U.S.S.G. § 2D1.1 comment. (n.5); § 1B1.3(a)(1); *see United States v. Wall*, 180 F.3d 641, 644-45 (5th Cir. 1999).  Relevant conduct includes quantities of drugs not specified in the count of conviction.  *See United States v. Byrd*, 898 F.2d 450, 452 (5th Cir. 1990).  It also includes conduct underlying "offenses for which a defendant has been indicted but not convicted, as well as the factual basis of dismissed counts."  *United States v. Ponce*, 917 F.2d 846, 848 (5th Cir. 1990) (internal quotation marks and citation omitted).

Espinoza recognizes our precedents holding that drugs included in the dismissed counts of an indictment can be used as relevant conduct to determine a defendant's base offense level, but argues that we should "reexamine" those precedents in light of our holdings in *United States v. Cockerham*, 919 F.2d 286, 288 (5th Cir. 1990) and *United States v. Alarcon*, 261 F.3d 416 (5th Cir. 2001).

In *Cockerham*, we held that the Victim and Witness Protection Act of 1982, 18 U.S.C. § 3556, "authorizes restitution only for loss caused by the specific conduct that is the basis of the offense of conviction."  *Cockerham*, 919 F.2d at 288 (citing *Hughey v. United States*, 495 U.S. 411 (1990)).  *Cockerham* is inapposite here.  As opposed to the issue we addressed in *Cockerham,* there is no statutory limitation that would have precluded the district court from considering drug quantities subject to dismissed counts of an indictment as relevant conduct in calculating a defendant's base offense level.

In *Alarcon,* we held that, where we overturned a conviction on appeal, and that conviction was the sole basis for a sentencing enhancement, the district court had committed plain error in assessing the enhancement.  261 F.3d at 423-24.  The district court's drug quantity finding in this case was not based solely on an overturned conviction but rather the admissions made by

No. 16-51153

Espinoza in the factual basis for his plea that he had engaged in the conduct alleged in the dismissed counts of the indictment. Those admissions formed the basis for the findings of the presentence report (PSR) and the district court. In light of the fact that Espinoza did not object to the PSR or submit any competent evidence to rebut the PSR's findings, the district court was "free to adopt [the PSR's] findings without further inquiry or explanation." *United States v. Vital*, 68 F.3d 114, 120 (5th Cir. 1995).

Based on the foregoing, Espinoza has failed to demonstrate any clear or obvious error in the district court's adoption of the PSR's findings regarding the quantity of drugs for which he was ultimately held responsible. *See Puckett*, 556 U.S. at 135.

Because Espinoza has failed to establish any legally cognizable basis for his counsel to have objected to the district court's drug-quantity findings, we conclude that it would have been futile for his counsel to do so. Thus, counsel did not perform deficiently by not raising such an argument. *See Roberts v. Thaler*, 681 F.3d 597, 611 (5th Cir. 2012) (recognizing that counsel is not required to make futile motions or objections). Thus, we reject Espinoza's asserted ineffective assistance of counsel claims.

AFFIRMED.