[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 02-11932

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 27, 2003
THOMAS K. KAHN
CLERK

D. C. Docket No. 01-00764-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE HERNANDEZ-GONZALEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(January 27, 2003)**

Before EDMONDSON, Chief Judge, BARKETT and COX, Circuit Judges.

BARKETT, Circuit Judge:

Jose Hernandez-Gonzalez appeals from the 70-month sentence imposed

pursuant to his plea of guilty to the charge of illegally reentering the United States

after having been deported, in violation of 8 U.S.C. § 1326(b)(2).

FACTS

In 1988, Hernandez-Gonzalez entered the United States illegally. In 1991, he was arrested in North Carolina and convicted of attempted larceny, felonious larceny, injury to real and personal property, and breaking and entering. He was subsequently deported to Mexico. Hernandez-Gonzalez re-entered the United States illegally in 1998. On January 21, 2000, Hernandez-Gonzalez was convicted of two counts of obstruction of an officer.[1] He was then deported, but again re-entered the United States illegally in May 2000. On September 6, 2001, Hernandez-Gonzalez was convicted for shoplifting. While he was serving his sentence, he was located by INS agents and charged through a one-count indictment with being found in the United States after being deported, in violation of 8 U.S.C. § 1326(b)(2). Hernandez-Gonzalez pled guilty without a plea agreement. The PSI assigned Hernandez-Gonzalez a base offense level of eight, pursuant to U.S.S.G. § 2L1.2(a). The PSI recommended a 16-level increase pursuant to § 2L1.2(b)(1)(A)(ii), as altered by Amendment 632[2] because "the

---

[1]He received a sentence of 2 years, of which he was to serve 90 days with the balance probated.

[2]"If the defendant was previously deported, or unlawfully remained in the United States," after being convicted of "a felony that is . . . a crime of violence . . . increase by 16 levels." U.S.S.G. § 2L1.2(b)(1)(A).

2

defendant was previously deported . . . after a conviction for a felony that is . . . a crime of violence." According to the PSI, the predicate for this 16-level increase was Hernandez-Gonzalez' prior conviction for obstruction of an officer.[3] Neither Hernandez-Gonzalez nor the government filed any objections to the PSI.

At the sentencing hearing, Hernandez-Gonzalez stated that he did not have any objections to the PSI, but requested a downward departure. Hernandez-Gonzalez argued that he merited a downward departure because, while his offense of obstructing an officer met the legal definition of a "crime of violence" under 2L1.2(b)(1)(A)(ii), the 16-level departure overstated the seriousness of his offense. Hernandez-Gonzalez explained that during his January 2000 arrest, he had reflexively reacted to the officers attempting to place handcuffs on his left hand, where he had recently had surgery. He stated that, while the officer was cuffing him, Hernandez-Gonzalez pulled his hand back in reaction to the pain, thereby hitting the officer. Hernandez-Gonzalez argued that his action was not a serious kind of obstruction, and that his offense merited a lesser enhancement.

---

[3]The PSI also recommended a three-level downward adjustment for acceptance of responsibility, resulting an a total offense level of 21. Hernandez-Gonzalez' criminal history category was V. This resulted in a guideline range of 70-87 months. The district judge sentenced Hernandez-Gonzalez to 70 months incarceration.

The government objected to any consideration of a motion for downward departure because it had only received notice of Hernandez-Gonzalez' intent to make such a motion a few minutes prior to the sentencing hearing. The government stated that, if it had been given proper notice, it would have procured the two officers involved in the obstruction charge to testify. The government further argued that the guidelines clearly warranted the 16-level enhancement under the circumstances.

The district court concluded that "based upon the description of the incident in the presentence report, it is more serious than the simple reflex action of striking the officer while resisting the handcuffing. And since the government did not have the opportunity or notice in which to bring the officers present, I am going to deny the motion . . . ." The district court then sentenced Hernandez-Gonzalez to 70 months imprisonment.

DISCUSSION

Because Hernandez-Gonzalez did not object to the applicability of U.S.S.G. § 2L1.2 to his sentence before the district court, we review the court's 16-level upward departure for plain error. United States v. Thayer, 204 F.3d 1352, 1358 (11th Cir. 2000). To satisfy the plain error standard, "a party must demonstrate: (i) that there was error in the lower court's action, (ii) that such error was plain, clear,

or obvious, and (iii) that the error affected substantial rights, i.e. that it was prejudicial and not 'harmless.'" United States v. Foree, 43 F.3d 1572, 1578 (11th Cir. 1995).

For the purposes of U.S.S.G. § 2L1.2(b)(1)(A), the Guidelines define a "crime of violence" as follows:

> "Crime of Violence" –
> (I) means an offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another; and
> (II) includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including sexual abuse of a minor), robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling.

U.S.S.G. § 2L1.2, Application Note 1.

Prior to Amendment 632,[4] U.S.S.G. § 2L1.2 required a 16-level enhancement if the defendant had previously been convicted "for an aggravated felony." The amendment changed the guideline by establishing "more graduated sentencing enhancement of between 8 levels and 16 levels, depending on the seriousness of the prior aggravated felony and the dangerousness of the defendant." U.S.S.G. Supp. to App. C, Amendment 632. The amendment was adopted in response to

---

[4]Amendment 632 was effective November 1, 2001. Hernandez-Gonzalez was sentenced in March 2002, and there is no question that the amendment applies to his sentence.

concerns . . . that § 2L1.2 (Unlawfully Entering or Remaining in the United States) sometimes results in disproportionate penalties because of the 16-level enhancement provided in the guideline for a prior conviction for an aggravated felony. The disproportionate penalties result because the breadth of the definition of "aggravated felony" . . . means that a defendant who previously was convicted of murder, for example, receives the same 16-level enhancement as a defendant previously convicted of simple assault.

U.S.S.G. Supp. to App. C, Amendment 632.

The revised guideline provides a definition of "crime of violence" that contains two subsections. Hernandez-Gonzalez contends that the plain language of the statute requires an offense to meet both sections of the definition in order to qualify for the 16-level enhancement, because the word "and" joins the two subsections. He argues that had the Commission intended for an offense to qualify as a crime of violence if it only met one of the subsections, it could have used the word "or" to join the two sections. Hernandez-Gonzalez argues that his position is further strengthened by the fact that it leads to the result sought by the Commission – a decrease in disproportionality and a reduction in instances where a defendant previously convicted of a less serious felony receives the same enhancement as a defendant previously convicted of one of the more serious felonies, such as murder.

Hernandez-Gonzalez concedes that his "obstructing an officer" conviction meets part (1) of the definition of "crime of violence," but asserts that it does not

6

meet part (2).  He argues that because "obstructing an officer" is not listed in the second part of the definition of "crime of violence," the district court erroneously concluded that his prior conviction justified the 16-level enhancement.  He argues that his conviction qualifies as an "aggravated felony" pursuant to U.S.S.G. § 2L1.2(b)(1)(C) and only merits an 8-level enhancement.

The government argues that the two subsections should be read as alternative bases for finding a prior offense to be a crime of violence, rather than providing a two-prong test.  The first subsection, argues the government, establishes the basic test for what constitutes a crime of violence, while the second subsection is a non-exhaustive list of examples of the types of crimes intended to be covered by the guideline.  The government suggests that qualifying the list of crimes in the second subsection with the word "including" means it is not a complete list of all crimes encompassed in the definition, but rather a mechanism for ensuring that those crimes listed will be considered crimes of violence.  It notes that "the term 'including' is not one of all-embracing definition, but connotes simply an illustrative application of the general principle."  Federal Land Bank of St. Paul v. Bismark Lumber Co., 314 U.S. 95, 100 (1941).  The government

dismisses the use of "and" instead of "or" to separate the two subsections as a

drafting mistake on the Commission's part.[5]

In this case, we need not decide whether Hernandez-Gonzalez' interpretation

of U.S.S.G. § 2L1.2 or the government's interpretation is the correct one.

Hernandez-Gonzalez cannot prevail because the district court did not commit plain

error in applying the guideline to his sentence.  First, Hernandez-Gonzalez

conceded at sentencing that his conviction for obstructing an officer met the

definition of a crime of violence qualifying for a 16-level departure.  Second, as the

arguments of the parties demonstrate, because the guideline is ambiguous and lacks

judicial interpretation on this point, even if it was erroneously applied, the error

could not have been plain.  An error cannot be plain if such error is not obvious or

clear under current law.  United States v. Humphrey, 164 F.3d 585, 588 (11th Cir.

1999).  For the foregoing reasons, the defendant's sentence is

AFFIRMED.

---

[5]After the government filed its brief, the Eighth Circuit issued an opinion
supporting the government's reading of the language in the inverse situation.  See
United States v. Gomez-Hernandez, 300 F.3d 974, 979 (8th Cir. 2002) (holding
that a felony enumerated in subpart (II) is always a crime of violence for purposes
of § 2L1.2(b)(1)(A)(ii)), cert. denied, --- S.Ct. ---, 2003 WL 99711 (Jan. 13, 2003)
.