United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 13, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-41095
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ZAVALA-MONTOYA,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-02-CR-134-1

Before GARWOOD, HIGGINBOTHAM and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jose Zavala-Montoya (Zavala) pleaded guilty to illegally reentering the United States after having been deported, a violation of 8 U.S.C. § 1326, and was sentenced to forty-six months' imprisonment and three years' supervised release. He now appeals his conviction and sentence.

Zavala argues that the district court erred in imposing an

---

[*]Pursuan t to 5TH CIR. R.47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

offense level increase of sixteen, under U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2001), based on his prior conviction for burglary of a habitation, for which he had been sentenced to probation. Acknowledging that the sixteen-level increase was warranted under the literal terms of the guideline, Zavala now nonetheless suggests that, in amending section 2L1.2, the Sentencing Commission could not have intended that a prior offense that did not qualify as an "aggravated felony" under 8 U.S.C. § 1101(a)(43) – a felony for which the defendant had been sentenced to one year or more in prison – could nevertheless result in a full sixteen-level increase.

Interpretation of the Sentencing Guidelines is subject to ordinary rules of statutory construction, and if the guideline's language is unambiguous, our inquiry begins and ends with an analysis of the plain meaning of that language. *See United States v. Carbajal*, 290 F.3d 277, 283 (5th Cir.), *cert. denied*, 123 S.Ct. 34 (2002). The only exception to this rule is when a clear legislative intent to the contrary is shown, an exception that applies only in "rare and exceptional circumstances." *See Ardestani v. INS*, 502 U.S. 129, 134-36 (1991).

Zavala concedes, however, that he did not object to his sentence in the district court on the grounds that he now raises on

appeal and that our review is accordingly for plain error only.[1] *See United States v. Hickman*, 331 F.3d 439, 443 (5th Cir. 2003). An error is plain only "when it is clear or obvious and it affects the defendant's substantial rights." *Id*. Even in such a situation, we will exercise discretion to reverse such error only where it implicates the "fairness, integrity, or public reputation of judicial proceedings." *Id*. (quoting *United States v. Cotton*, 122 S.Ct. 1781 (2002)).

We have held that where a district court incorrectly applies the Guidelines, such error, in many cases, seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Alarcon*, 261 F.3d 416, 424 (5th Cir. 2001). The initial question is whether the district court committed a clear or obvious error in failing, in the absence of any invitation from the defendant, to look beyond the plain language of section 2L1.2 to conclude that the Sentencing Commission's intent in amending section 2L1.2 dictated that Zavala receive only a four-level enhancement.

---

[1] Zavala did initially object to the sixteen-level enhancement, but did so on the grounds that his prior burglary conviction was not an aggravated felony since he was sentenced only to probation. *See United States v. Banda-Zamora*, 178 F.3d 728, 730 (5th Cir. 1999) ("[W]hen a court does not order a period of incarceration and then suspend it, but instead imposes probation directly, the conviction is not an 'aggravated felony.'"). Moreover, Zavala later withdrew this objection, conceding that it would have no effect on the statutory maximum sentence to which he would be exposed. *Compare* 8 U.S.C. § 1326(b)(1) *with* § 1326(b)(2).

3

Zavala relies on two earlier drafts of what would become the current guideline section 2L1.2, as well as on Sentencing Commission materials issued in connection with those drafts, to support his interpretation of section 2L1.2. The materials Zavala cites clearly establish that the 2001 amendments to section 2L1.2 were motivated by a concern that the prior version of section 2L1.2—which provided for only two categories of prior offenses and either a four- or a sixteen-level enhancement—produced some sentences disproportionate to the seriousness of the particular underlying aggravated felony convictions. Accordingly, the Commission amended section 2L1.2 in 2001 to provide for five categories of prior offenses with corresponding sentence enhancements ranging from four to sixteen levels. *See* U.S.S.G. § 2L1.2 (2001). Zavala also correctly notes that in organizing offenses into difference categories, the Commission sought to provide for increased punishments only for what it considered to be the most serious felonies. Thus, the current version of section 2L1.2 still authorizes a sixteen-level enhancement, but does so only for certain predicate felony offenses, including, among other things, a felony that is a "crime of violence," and states "'Crime of violence –'"

> "(I) means an offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another; and

> (II) includes murder, manslaughter, kidnapping,

4

aggravated assault, forcible sex offenses (including sexual abuse of a minor), robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling." U.S.S.G. § 2L1.2, Application Note 1.

In contrast to the above-quoted final version of section 2L1.2, the first proposed amendment to section 2L1.2, did not attempt to provide for enhancements based on specific prior offenses, but instead provided for enhancements of varying severity based, in part, on the length of the term of imprisonment a defendant actually served for a prior offense. *See* Proposed Amendment: Unlawful Entering, 66 Fed. Reg. 7962, 8008–09 (Jan. 26, 2001). Thus, under the first draft of 2L1.2, a sixteen-level enhancement was only available where the defendant's prior conviction was an aggravated felony, and "(I) the defendant actually served a period of imprisonment of at least ten years for such conviction;" or "(II) the aggravated felony involved death, serious bodily injury, the discharge or other use of a firearm or dangerous weapon, or a serious drug trafficking offense." *Id*. Relying on this first proposed draft, Zavala argues that the Commission clearly intended to measure the seriousness of a prior conviction in terms of prison time served, and that it could not, therefore, have intended that a sixteen-level enhancement be imposed for his prior burglary offense, even where that offense clearly falls within the literal definition of a crime of violence.

The second draft version of 2L1.2 also lends some support to Zavala's argument. Although the second proposed version of 2L1.2,

5

abandoned the previous draft's primary focus on the length of incarceration, it nevertheless emphasized actual terms of imprisonment imposed for a prior conviction, imposing an enhancement, in certain cases, only where the defendant had been sentenced to thirteen months' imprisonment for a prior offense. Thus, under the second proposed draft of section 2L1.2, a sixteen-level enhancement would only have been available for, among other things,

> "(A) a conviction for (I) a serious drug offense [for which the sentence imposed was not less than 13 months]; (ii) a crime of violence [for which the sentence imposed was not less than 13 months]; (iii) a felony that is a child pornography offense, or (iv) a felony that is a firearms offense . . . ." United States Sentencing Commission, Revised Proposed Amendment: Unlawfully Entering (Mar. 29, 2001).

Zavala thus correctly notes that under either of the first two proposed versions of section 2L1.2, his burglary offense would not have subjected him to a sixteen-level enhancement, and argues that the same burglary offense, therefore, should also not subject him to such an enhancement under the final version.

It is not altogether clear, however, that the Sentencing Commission did not also intend for a sixteen-level enhancement to be applied for certain offenses even where a prior conviction for those offenses did not result in a significant term of incarceration. Thus, in connection with the first proposed draft discussed above, the Commission noted that a sixteen-level enhancement "would be triggered not only by the period of

6

imprisonment actually served but also by all aggravated felonies involving death, serious bodily injury, the discharge or other use of a firearm or dangerous weapon, or a serious drug trafficking offense, *regardless of the period of imprisonment actually served by the defendant*." Proposed Amendment: Unlawful Entering, 66 Fed. Reg. 7962, 8008-09 (Jan. 26, 2001) (emphasis added). Indeed, we have previously noted, in interpreting section 2L1.2, that the Commission clearly intended, in singling out certain crimes to result in substantial enhancement, to identify and to punish those offenses that are "inherently violent or forceful, or inherently risk violence and the use of force." *United States v. Rayo-Valdez*, 302 F.3d 314, 317 (5th Cir. 2002).[2] Burglary of a dwelling is certainly such a crime. *See United States v. Flores*, 875 F.2d 1110, 1113 (5th Cir. 1989) ("Whenever a private residence is broken into, there is always a substantial risk that force will be used."). In addition, the Commission's final changes to section 2L1.2 undermine Zavala's argument that the Commission intended to limit "crimes of violence" to only prior offenses that resulted in substantial terms of imprisonment, and that its failure to do so expressly was merely inadvertent. The Commission retained, in the

---

[2] *See also United States v. Alvarenga-Silva*, 324 F.3d 884, 887 (7th Cir. 2003) ("The Sentencing Commission likely enumerated certain serious offenses (like sexual abuse of a minor and burglary of a dwelling), rather than resting on a general definition [of "crime of violence"], to ensure that those particular offenses would be treated as crimes of violence regardless of variations in state statutory elements.").

final version of section 2L1.2, such a limitation on the category of serious drug offenses justifying a sixteen-level enhancement, while a similar requirement, present in the second proposed draft of 2L1.2, is noticeably absent in the final version of section 2L1.2 with respect to crimes of violence. *Compare* U.S.S.G. § 2L1.2(b)(1)(A)(i) (2001), *with* § 2L1.2(b)(1)(A)(ii).

Despite such conflicting evidence of the Commission's intent, we need not ultimately resolve whether Zavala's interpretation of the 2001 amendments to section 2L1.2 is the correct one. Indeed, because the evidence of the Commission's intent behind the 2001 amendment is not unequivocal, we cannot say that the district court committed clear error by refusing to look to the Commission's intent and instead adhering to a literal application of section 2L1.2 to Zavala's offense. *See United States v. Garcia-Hernandez*, No. 02-41580 (5th Cir. June 4, 2003) (unpublished); *Alvarenga-Silva*, 324 F.3d at 888 (refusing to rely on interpretations of the Commission's intent or to look beyond the plain language of section 2L1.2); *see also United States v. Diaz-Diaz*, 327 F.3d 410, 415 (5th Cir. 2003) (declining to find clear error in the district court's application of an ambiguous provision of the Sentencing Guidelines); *United States v. Hernandez-Gonzales*, 318 F.3d 1299, 1302 (11th Cir. 2003) (declining to overturn, on plain error review, a district court's interpretation of U.S.S.G. § 2L1.2, and noting instead that "[a]n error cannot be plain if such error is

8

not obvious or clear under current law.").

Zavala also contends that 8 U.S.C. § 1326(b) is unconstitutional on its face under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), in that the felony "element" of the offense need no be submitted to the factfinder for proof. As Zavala concedes, however, this contention is foreclosed by the caselaw of this court and by *Apprendi*. *See United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir. 2000) (noting that the Supreme Court in *Apprendi* expressly declined to overrule *Almendarez-Torres v. United States*, 523 U.S. 224 (1998)). Zavala raises this issue only to preserve it for possible review by the Supreme Court.

For the foregoing reasons, Zavala's conviction and sentenced are

AFFIRMED.