[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 8, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14701
Non-Argument Calendar

_____

D. C. Docket No. 05-00053-CR-T-30-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LIBORIO HURTADO-MICOLTA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 8, 2006)

Before DUBINA, CARNES and HULL, Circuit Judges.

PER CURIAM:

Liborio Hurtado-Micolta appeals his 135-month sentence for conspiracy to

possess with the intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. App. § 1903(a), (g), (j) and 21 U.S.C. § 960(b)(1)(B)(ii). We affirm.

Hurtado-Micolta contends that the district court erred in failing to grant him either a four-level reduction for playing a minimal role in the offense or a two-level reduction for playing a minor role in the offense pursuant to United States Sentencing Guidelines §§ 3B1.2(a) and (b). Because Hurtado-Micolta objected to the failure of the Presentence Investigation Report (PSI) to recommend a minor participant reduction and objected to the district court's denial of his request for such a reduction, we review the court's denial of that reduction for clear error. United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). However, because Hurtado-Micolta did not raise any objection before the district court with regard to the minimal participant reduction, we review the court's failure to grant that reduction only for plain error. United States v. Hernandez-Gonzalez, 318 F.3d 1299, 1301 (11th Cir. 2003).

A defendant bears the burden of proving that he played a minimal or minor role in the offense by a preponderance of the evidence. De Varon, 175 F.3d at 939. To receive the minimal participant reduction, the defendant must show that he is "plainly among the least culpable of those involved in the conduct of a group."

U.S.S.G. § 3B1.2, cmt. n.4. To receive the minor participant reduction, he must show that he is "less culpable than most other participants." Id. cmt. n.5.

In determining whether a role reduction is warranted, a district court should consider: (1) "the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing"; and (2) his "role as compared to that of other participants in [his] relevant conduct." De Varon, 175 F.3d at 940. In the drug courier context, the district court must assess all of the facts probative of the defendant's role in the relevant conduct, including the defendant's status and assigned tasks in the scheme. Id. at 942–43. "[T]he amount of drugs imported is a material consideration in assessing a defendant's role in [his] relevant conduct." Id. at 943.

With respect to the first prong of De Varon, the district court could have concluded that Hurtado-Micolta played an important and essential role in the crime because his relevant conduct was limited to his own criminal act, conspiring to possess with the intent to distribute 1,170 kilograms of cocaine. See De Varon, 175 F.3d at 942–43. The court recognized at sentencing that the amount of drugs involved in this offense was large enough that any member of the conspiracy had to play a significant role. See id. at 943. With regard to the second prong of De Varon, the PSI only provided information about three of the other nine crew

members and does not provide any basis for distinguishing Hurtado-Micolta's role from the six crew members who are not mentioned in the PSI. See id. at 940. Because Hurtado-Micolta did not meet his burden in proving that he was a minor or minimal participant in the offense, the district court did not commit clear or plain error in denying him a § 3B1.2 reduction.

AFFIRMED.