[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 2, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-13056
Non-Argument Calendar

_____

D. C. Docket No. 00-00035-CR-CDL-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TED EDWARD WEAVER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(November 2, 2006)**

Before BIRCH, DUBINA and WILSON, Circuit Judges.

PER CURIAM:

Appellant Ted Edward Weaver, proceeding *pro se*, appeals his 30-month

sentence, imposed after the district court revoked his supervised release. On appeal, Weaver argues that the most that the district court could sentence him to was eight months imprisonment. Further, he claims that, because he had less than a year left on his original sentence, the district's imposition of a 30-month sentence was unreasonable and an abuse of the court's discretion. He also contends that, because he already had served seven months of his two years of supervised release from a prior revocation, the district court, by imposing a sentence greater than the 17 months of his unexpired term of supervised release, abused its discretion.

Weaver did not argue below that his sentence exceeded the statutory maximum. We review claims raised for the first time on appeal only for plain error to avoid manifest injustice. *United States v. Harness*, 180 F.3d 1232, 1234 (11th Cir. 1999). When analyzing a claim under the plain error standard, we will look to see (1) whether the district court committed error, (2) whether the error was plain, and (3) whether the error affected substantial rights. *Id.* In order to be reversible, this error also must "'seriously affect the fairness, integrity or public reputation of judicial proceedings.'" *United States v. Olano*, 507 U.S. 725, 732, 113 S. Ct.1770, 1776, 123 L. Ed. 2d 508 (1993) (citations omitted). We have held that, when an error is not obvious under current law, it cannot be plain. *Unites States v. Hernandez- Gonzalez*, 318 F.3d 1299, 1302 (11th Cir. 2003). Further, sentences

2

imposed for violation of supervised release under an advisory guidelines system

are reviewed for "unreasonableness." *United States v. Sweeting*, 437 F.3d 1105,

1107 (11th Cir. 2006).

Section 3583 of Title 18 provides that the district court may:

> revoke a term of supervised release, and require the defendant to serve
> in prison all or part of the term of supervised release authorized by
> statute for the offense that resulted in such term of supervised release
> without credit for time previously served on postrelease supervision, if
> the court, pursuant to the Federal Rules of Criminal Procedure
> applicable to revocation of probation or supervised release, finds by a
> preponderance of the evidence that the defendant violated a condition
> of supervised release, except that a defendant whose term is revoked
> under this paragraph may not be required to serve . . . more than 5
> years in prison if the offense that resulted in the term of supervised
> release is a class A felony, more than 3 years in prison if such offense
> is a class B felony, more than 2 years in prison if such offense is a
> class C or D felony, or more than one year in any other case[.]

18 U.S.C. § 3583(e)(3). "[T]he statutory caps of § 3583(e)(3) apply in the

aggregate." *United States v. Williams*, 425 F.3d 987, 990 (11th Cir. 2005).

Because the maximum punishment that Weaver could have received for violating

21 U.S.C. § 841(a)(1), in a case involving five grams or more of cocaine base, was

40 years imprisonment, it constituted a Class B felony. *See* 18 U.S.C.

§ 3559(a)(2); 21 U.S.C. § 841(b)(1)(B)(iii).

Further, Chapter 7 of the Sentencing Guidelines, which governs violations of

supervised release, contains policy statements, one of which, § 7B1.4, provides

recommended ranges of imprisonment applicable upon revocation.[1]  *See* U.S.S.G. § 7B1.4.  We consistently have held that the policy statements of Chapter 7 are merely advisory and not binding.  *United States v. Aguillard*, 217 F.3d 1319, 1320 (11th Cir. 2000).  While the district court is required to consider the policy statements, it is not bound by them. *United States v. Brown*, 224 F.3d 1237, 1242 (11th Cir. 2000).  If it exceeds the recommended range, the court must indicate that it considered the Chapter 7 policy statements: it is "enough that there is some indication the district court was aware of and considered them."  *Aguillard*, 217 F.3d at 1320.

"Under 18 U.S.C. § 3583(e), a district court may, upon finding by a preponderance of the evidence that a defendant has violated a condition of supervised release, revoke the term of supervised release and impose a term of imprisonment after considering certain factors set forth in 18 U.S.C. § 3553(a)." *Sweeting*, 437 F.3d at 1107.  In sentencing a defendant, the factors that a district court should consider include: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to

---

[1] Although the district court acknowledged that the advisory guideline range was inadequate, neither the parties nor the court explicitly stated the applicable guideline range in the record.  Nevertheless, because possession of cocaine, after already being convicted of a controlled substance offense, constitutes a Grade A violation, *see* U.S.S.G. § 7B1.1, 21 U.S.C. § 844, and Weaver had a criminal history category of I, it appears that his advisory guideline range in this case would have been 12 to 18 months imprisonment, *see* U.S.S.G. § 7B1.4.

4

reflect the seriousness of the offense, promote respect for the law, afford adequate deterrence, protect the public, and provide the defendant with needed educational training, medical care or correctional treatment; (4) the pertinent Sentencing Commission policy statements; and (5) the need to avoid unwarranted sentencing disparities. *See* 18 U.S.C. § 3553(a)(1)-(7). A district court need not, however, state on the record that it has explicitly considered each of the § 3553(a) factors. *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005).

Because Weaver's sentence was within the applicable statutory maximum, the district court considered and was not bound by the Chapter 7 policy guidelines, and the sentence reflected consideration of relevant § 3553(a) factors, we conclude that the district court did not plainly err by imposing Weaver's sentence, and the sentence was reasonable. Accordingly, we affirm Weaver's sentence.

**AFFIRMED.**