[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 18, 2007
THOMAS K. KAHN
CLERK

No. 05-13779
Non-Argument Calendar

_____

D. C. Docket No. 04-20380-CR-PAS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAMON DE LA FE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(January 18, 2007)**

Before ANDERSON, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Ramon De La Fe appeals his convictions and 235-month sentence for

conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846; attempt to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846; conspiracy to affect interstate commerce by means of robbery, in violation of 18 U.S.C. § 1951(a); and conspiracy to use a firearm during and in relation to a crime of violence and drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A), (n). At trial, the district court allowed the admission of evidence that De La Fe was arrested, in Loxley, Alabama, on November 17, 2002, for possession of a controlled substance, where over $30,000 of U.S. currency was seized, and testimony by a Drug Enforcement Administration ("DEA") Agent regarding drug routes in the United States post-9/11.

On appeal, De La Fe argues that the district court abused its discretion by admitting evidence of his 2002 arrest for possession of cocaine, in violation of Fed.R.Evid. 403 and 404. He contends that: (1) the prosecution elicited the evidence for the improper purpose of showing that he had a propensity to engage in drug trafficking; (2) evidence of possession is not probative to prove intent to distribute cocaine; (3) the fact that there was a two-year temporal gap between the arrest and the offenses charged undercut the probative value of the evidence; and (4) the evidence was overly prejudicial, as it had no other relevance than to show that he had a propensity to deal drugs. Additionally, he argues that the prejudice

was bolstered by the court allowing the introduction of testimony regarding Houston/Miami drug routes, which suggested that the money was illegal proceeds. He contends that the limiting instruction given by the judge was worthless because: (1) the Rule 404(b) evidence was repeated; (2) the prejudice was enhanced by the expert testimony regarding the drug routes; and (3) the evidence was used to bolster the testimony of Diaz, his codefendant.

We review a district court's ruling on the admission of evidence for an abuse of discretion. United States v. Jiminez, 224 F.3d 1243, 1249 (11th Cir. 2000). "[W]hen employing an abuse-of-discretion standard, we must affirm unless we find that the district court has made a clear error of judgment, or has applied the wrong legal standard." United States v. Frazier, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc), cert. denied, 125 S.Ct. 2516 (2005).

Rule 404(b) provides in relevant part that:

> [e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

Fed.R.Evid. 404(b). We have held that the following three-step test must be satisfied in order for evidence to be admitted under Rule 404(b): (1) the extrinsic offense must be relevant to an issue other than the defendant's character; (2) there

3

must be sufficient proof that the defendant committed the offense; and (3) the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of Rule 403. United States v. Matthews, 431 F.3d 1296, 1310-11 (11th Cir. 2005),cert. denied, 127 S.Ct. 46 (2006).

On appeal, De La Fe only takes issue with the first and third prongs of the test. As to the first prong, a "defendant who enters a not guilty plea makes intent a material issue." United States v. Delgado, 56 F.3d 1357, 1365 (11th Cir. 1995). We have recognized that the government has a particularly strong need to prove intent in conspiracy cases where the defendant denies any connection with the transaction at issue, and there are no overwhelmingly credible witnesses to testify as to the defendant's intent to distribute a substance. United States v. Diaz-Lizaraza, 981 F.2d 1216, 1225 (11th Cir. 1993). We have also held that evidence of a three-year-old conviction for possession of cocaine for personal use is relevant and admissible to demonstrate a defendant's intent in a charged conspiracy for possession with intent to distribute. United States v. Butler, 102 F.3d 1191, 1195-96 (11th Cir.1997). Further, we have noted that "circuit precedent regards virtually any prior drug offense as probative of the intent to engage in a drug conspiracy." Matthews, 431 F.3d at 1311.

4

Regarding the third prong of the Rule 404(b) test, we have found that it should consider the differences between the charged and extrinsic conduct, the temporal remoteness between the two events, and the government's need for the evidence to prove intent. Diaz-Lizaraza, 981 F.2d at 1225. We have stated that, "'[t]he greater the government's need for evidence of intent, the more likely that the probative value will outweigh any possible prejudice.'" Delgado, 56 F.3d at 1366 (quoting United States v. Hicks, 798 F.2d 446, 451 (11th Cir. 1986)). Further, "[a] similarity between the other act and a charged offense will make the other offense highly probative with regard to a defendant's intent in the charged offense." United States v. Ramirez, 426 F.3d 1344, 1354 (11th Cir. 2004). Further, we have held that "extrinsic drug offenses do not tend to incite a jury to an irrational decision," Delgado, 56 F.3d at 1366, and, the risk of undue prejudice can always be reduced by a district court's limiting instruction, Ramirez, 426 F.3d at 1354.

The district court did not abuse its discretion by admitting evidence regarding De La Fe's 2002 arrest for cocaine possession because the evidence was relevant to show his intent to commit the charged crimes and was not unduly prejudicial.

Next, De Le Fe argues that the trial court erred by permitting the "expert"

5

testimony of Agent Sciortino as to drug routes, where the prosecution failed to disclose, prior to trial, that Agent Sciortino would be testifying as an expert, or provide a written summary of his testimony. He argues that Agent Sciortino's testimony regarding drug routes was specialized, and therefore, constituted expert testimony, because it was garnered from his experience as a DEA agent pre- and post-9/11. He argues that the prosecution's failure to comply with the federal rules violated his Sixth Amendment right to have notice of his opponent so that he properly could confront him in cross-examination. Additionally, he argues that the testimony : (1) heightened the prejudicial impact of the Rule 404(b) Alabama arrest evidence, as it impermissibly suggested that De La Fe had a propensity to transport drugs; (2) constituted impermissible testimony as to De La Fe's intent or mental state, pursuant to Fed.R.Evid. 704(b), as the testimony implied that someone traveling the Miami to Houston route, as De Le Fe was at the time of his Alabama arrest, intended to smuggle or distribute drugs; and (3) was irrelevant, as there was no evidence that De La Fe was a member of any drug organization that would be transporting narcotics or monies from Houston to Miami.

Where, as here, a proper objection is made, we review the district court's rulings on admission of evidence for an abuse of discretion. See Jiminez, 224 F.3d at 1249. The government must disclose, upon the defendant's request, a written

6

summary of any expert testimony that the government intends to use during its case-in-chief. Fed.R.Crim.P. 16(a)(1)(G). Violations of Rule 16, however, will not result in the reversal of a conviction unless the violation prejudices a defendant's substantial rights. United States v. Chastain, 198 F.3d 1338, 1348 (11th Cir. 1999). In determining whether a defendant's substantial rights have been violated, the Court must consider "'how the violation affected the defendant's ability to present a defense.'" Id. (quoting United States v. Noe, 821 F.2d 604, 607 (11th Cir. 1987)).

Under Rule 701, a lay person may testify as to opinions or inferences that are: "(a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed.R.Evid. 701. We have held that, under the 2000 amended version of Rule 701, witnesses can testify "based upon their particularized knowledge garnered from years of experience within the field." Tampa Bay Shipbuilding & Repair Co. v. Cedar Shipping Co., 320 F.3d 1213, 1223 (11th Cir. 2003). In making this holding, we indicated that we would uphold decisions in United States v. Novaton, 271 F.3d 968, 1009 (11th Cir. 2001), and United States v. Myers, 972 F.2d 1566, 1577 (11th Cir. 1992), in which the district court had

7

permitted law enforcement officers to give opinion testimony of drug practices, based on their perceptions and on their past experiences as officers, under the amended version of Rule 701. Tampa Bay Shipbuilding & Repair Co., 320 F.3d at 1221, 1223 n.17; but see United States v. Tinoco, 304 F.3d 1088, 1119 (11th Cir. 2002) (leaving open the question of whether witness testimony based wholly on past experience, and not both on past experience and personal observations about the particular factual circumstances unique to the case would be admissible as lay testimony under Rule 701).

To the extent that De La Fe argues that Agent Sciortino's testimony was not relevant, was unfairly prejudicial, and impermissibly addressed his state of mind or intent, these arguments were not raised below. We review claims raised for the first time on appeal only for plain error to avoid manifest injustice. United States v. Harness, 180 F.3d 1232, 1234 (11th Cir. 1999). When analyzing a claim under the plain error standard, we will look to see (1) whether the district court committed error, (2) whether the error was plain, and (3) whether the error affected substantial rights. Id. In order to be reversible, this error also must "seriously affect the fairness, integrity or public reputation of judicial proceedings." United States v. Olano, 507 U.S. 725, 732, 113 S.Ct.1770, 1776, 123 L.Ed.2d 508 (1993). We have held that, when an error is not obvious under current law, it cannot be

plain. Unites States v. Hernandez-Gonzalez, 318 F.3d 1299, 1302 (11th Cir. 2003).

Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. Rule 403 provides that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Fed.R.Evid. 403. In reviewing a Rule 403 issue, we view "the evidence in a light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial impact." United States v. Jernigan, 341 F.3d 1273, 1284 (11th Cir. 2003) (quotations omitted). Rule 704 provides that "[n]o expert witness testifying with respect to the mental state or condition of a defendant in a criminal case may state an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged." Fed.R.Evid. 704(b). We have held that the rule means that an expert cannot "expressly state a conclusion" that a defendant did or did not have the intent necessary to be guilty of the crime charged. United States v. Alvarez, 837 F.2d 1024, 1031 (11th Cir. 1988). The evidence is not excludible, however, simply because an obvious inference from the evidence is that the defendant had the requisite intent. Id.

Because we allow police officers to give lay opinion testimony regarding drug practices, the district court did not abuse its discretion by admitting Agent Sciortino's testimony regarding drug trafficking routes in the United States. Nevertheless, even if the court erred in admitting the testimony, the admission would not warrant reversal because De La Fe has not shown how the admission of the testimony affected his mere presence defense at trial. Further, with respect to his other arguments, the district court did not plainly err as the evidence was not plainly in violation of Rules 401, 403, or 704(b).

Next, De La Fe argues that the district court misapplied the advisory guidelines by failing to find that he was a minor or minimal participant, pursuant to § 3B1.2. He argues that the only objective evidence available to the court proved that, at most, he was merely going to be a "look out" man during the intended robbery, and his presence and actual participation were not planned by Diaz or the other conspirators. Specifically, he argues that he was less culpable than Iglesias and Diaz, who both instigated the plan to commit the robbery.

Section 3B1.2(b) provides for a two-level reduction in a defendant's base offense level if he was a minor participant in the offense. U.S.S.G. § 3B1.2(b). A district court's determination of a defendant's role in an offense constitutes a factual finding reviewed for clear error. United States v. Rodriguez De Varon, 175 F.3d

10

930, 937 (11th Cir. 1999). The defendant bears the burden of proving by a preponderance of the evidence that he is entitled to a minor-role reduction. Id., 175 F.3d at 939. A minor participant means any participant "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, comment. (n.5). To determine whether a minor-role reduction applies, a district court should first measure the defendant's role against the conduct to which the defendant is being held accountable. De Varon, 175 F.3d at 940-41. This requires the district court to assess all probative facts of the defendant's role in his relevant conduct. Id. at 943. Although in many cases, this first method of analysis will be dispositive, the district court may also measure the defendant's culpability in comparison to that of other participants in the relevant conduct. Id. at 944. A defendant whose role in the relevant conduct was less than that of other participants is not necessarily entitled to a minor-role reduction where no participants are minor participants. Id.

Upon review of the transcripts and the presentence investigation report, and upon consideration of the parties' briefs, we find no reversible error with respect to De La Fe's convictions and sentence.

Because De La Fe's actual conduct was identical to his relevant conduct, and he failed to establish that he was less culpable than other participants in the offense,

11

the court did not clearly err by denying him a role reduction.  Accordingly, we affirm.

**AFFIRMED**[1]

---

[1] De La Fe's request for oral argument is denied.