[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12995
Non-Argument Calendar
_____

D.C. Docket No. 8:02-cr-00424-JDW-MAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KABIL ANTON DJENASEVIC,
a.k.a. Anton Genase,
a.k.a. Kabil Genase,
a.k.a. Kabil Kraja,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 26, 2013)

Before PRYOR, MARTIN and JORDAN, Circuit Judges.

PER CURIAM:

Kabil Anton Djenasevic appeals his convictions and sentences for one count of conspiracy to possess, with the intent to distribute, one kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(b)(1)(A)(i), 846; two counts of distribution of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); one count of possession, with intent to distribute, 100 grams or more of heroin, in violation of 21 U.S.C. § 841(a)(1), (B)(1)(B)(i); and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).[1]

Mr. Djenasevic argues that the district court plainly erred in giving the pattern jury instruction on reasonable doubt. He also contends that the district court erred in denying his motions to suppress the evidence found during a search of his condominium and safe deposit box, and his motion to suppress his post-arrest statements. He further asserts that his attorneys rendered ineffective assistance of counsel in his 2005 and 2012 suppression hearings and during his trial. Finally, he maintains that his sentence was procedurally unreasonable

---

[1] In 2001, Mr. Djenasevic was arrested in connection with a drug trafficking investigation. In 2005, he moved to suppress evidence of heroin and drug proceeds found during a search of his condominium and safe deposit box, arguing that he did not voluntarily consent to the searches. After conducting a suppression hearing, the district court denied the motion, concluding that the officers who testified were more credible than Mr. Djenasevic and his wife. Mr. Djenasevic pled guilty in 2006. He filed a 28 U.S.C. § 2255 motion in 2009, which the district court denied. We reversed, concluding that the district court had violated Federal Rule of Criminal Procedure 11 in connection with Mr. Djenasevic's guilty plea. *See Djenasevic v. United States*, 425 F. App'x 834 (No. 09-15495) (11th Cir 2011). On remand, the district court vacated Mr. Djenasevic's guilty plea, and Mr. Djenasevic subsequently filed a motion to suppress his post-arrest statements, arguing that he did not voluntarily waive his *Miranda* rights. The district court held a hearing and denied the motion, concluding that the officers' testimony was more credible than Mr. Djenasevic's testimony. Following a jury trial, Mr. Djenasevic was found guilty.

because the district court did not address his *pro se* objections to the presentence investigation report.   After careful review of the parties' briefs and the relevant portions of the record, we affirm.

## I.

We reject Mr. Djenasevic's challenge to the pattern jury instruction on reasonable doubt because we have repeatedly upheld the same instruction.   *See, e.g., United States v. James*, 642 F.3d 1333, 1337-38 (11th Cir. 2011); *United States v. Hansen*, 262 F.3d 1217, 1249 (11th Cir. 2001); *United States v. Clayton*, 643 F.2d 1071, 1074 (5th Cir. 1981).   Mr. Djenasevic cites no Eleventh Circuit or Supreme Court case law challenging or undermining this unequivocal line of authority.   And, because Mr. Djenasevic did not object to the jury instruction in the district court, we review for plain error, *see United States v. James*, 642 F.3d 1333, 1337 (11th Cir. 2011), making Mr. Djenasevic's challenge even less tenable, *see United States v. Hernandez-Gonzalez*, 318 F.3d 1299, 1302 (11th Cir. 2003) ("An error cannot be plain if such error is not obvious or clear under current law.").

## II.

Mr. Djenasevic argues that the district court erred in denying his motion to suppress evidence found in his condominium and safe-deposit box and to suppress post-arrest statements made to law enforcement. We disagree.

3

We review the district court's denial of a motion to suppress as a mixed question of law and fact, reviewing the factual findings for clear error and the application of law to those facts *de novo*. *United States v. Bautista-Silva*, 567 F.3d 1266, 1271 (11th Cir. 2009). Voluntariness of consent is a question of fact, reviewed for clear error. *United States v. Zapata*, 180 F.3d 1237, 1240-41 (11th Cir. 1999). Voluntariness of a defendant's statements is a question of law reviewed *de novo*. *United States v. Farley*, 607 F.3d 1294, 1325 (11th Cir. 2010).

Although the Fourth Amendment generally prohibits the warrantless search of a person's home, the prohibition does not apply where the defendant voluntarily consented to the search, as viewed under the totality of circumstances. *United States v. Blake*, 888 F.2d 795, 798 (11th Cir. 1989). Generally speaking, "[i]n order for consent to a search to be deemed voluntary, it must be the product of an essentially free and unconstrained choice." *United States v. Garcia*, 890 F.2d 355, 360 (11th Cir. 1989).

A defendant may waive his right to remain silent under the Fifth Amendment's privilege against self-incrimination if he is fully advised of the right and waives it "voluntarily, knowingly, and intelligently," as viewed under the totality of circumstances. *United States v. Farley*, 607 F.3d 1294, 1326 (11th Cir. 2010) (quotation omitted). The "mere fact that a defendant had taken drugs prior to giving a statement does not render it inadmissible." *United States v. Taylor*, 508

4

F.2d 761, 763 (5th Cir. 1975). "The evidence must show the defendant was so affected as to make his statement, after appropriate warnings, unreliable or involuntary." *Id.*

As to the evidence found in the condominium, the district court did not clearly err in concluding that Mr. Djenasevic voluntarily consented to the search. We give considerable deference to the district court's finding that the testimony of DEA Agent Geer and Sergeant Graham was more credible than the testimony of Mr. Djenasevic and his wife, Helen Mafilas. *See United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002) (appellate court gives great deference to district court's credibility determinations). Agent Geer testified that Mr. Djenasevic was "eager to cooperate" and told officers that there was nothing in the condominium and that officers were free to search it using the key on his key ring. Sergeant Ronald Graham also testified that officers used a key to enter the condominium.

This testimony was not "so inconsistent or improbable that a reasonable factfinder could not accept it." *See id.* It was also consistent with Agent Geer's testimony at the 2012 suppression hearing and the testimony adduced during Mr. Djenasevic's trial. *See United States v. Newsome*, 475 F.3d 1221, 1224 (11th Cir. 2007) (appellate court considers the entire record, including the trial testimony, in reviewing the denial of a motion to suppress). Although Mr. Djenasevic argues that there are photographs showing that the officers' testimony was not credible, he

never offered the photographs into evidence, and the district court thus did not err by not relying on them.

As to the search of the safe deposit box, the district court did not err in denying Mr. Djenasevic's motion to suppress the evidence found there.  Mr. Djenasevic signed a consent to search form, as well as the entry form at the First Union Bank, which allowed law enforcement officers to search the box.  Viewed in the light most favorable to the government, this evidence shows that Mr. Djenasevic voluntarily consented to the search.  *See United States v. Mercer*, 541 F.3d 1070, 1074 (11th Cir. 2008) (in reviewing a motion to suppress, all facts are considered in the light most favorable to the prevailing party).

As to Mr. Djenasevic's post-arrest statements, the district court did not err in denying his motion to suppress.  Agent Geer testified that he read Mr. Djenasevic his *Miranda* rights from a standard DEA card and that Mr. Djenasevic waived those rights.  At trial, Detective Morman testified that he heard Agent Geer read Mr. Djenasevic his *Miranda* rights.  The district court made a clear finding that Mr. Djenasevic was not credible based on his demeanor and argumentative answers.  The district court's credibility determination is not so unbelievable that a reasonable fact finder could not accept it.  *See Ramirez-Chilel*, 289 F.3d at 749.

Mr. Djenasevic's other argument – that his post-arrest statements and his consent to the search of his condominium and safety deposit box were not

6

voluntary because he was going through heroin withdrawal – is unavailing because the evidence does not show that Mr. Djenasevic was so affected that his waiver was involuntary and unreliable. *Taylor*, 508 F.3d at 763. Agent Geer testified that Mr. Djenasevic was "alert and responsive" after his arrest and showed no signs of heroin withdrawal for several hours. Agent Geer further testified that although Mr. Djenasevic appeared more tired the next day, he insisted that he was fine and remained coherent and cooperative. When viewed in the light most favorable to the government, the evidence shows that Mr. Djenasevic's consent to the searches and waiver of his right to remain silent were voluntary. *See Mercer*, 541 F.3d at 1074.

### III.

We decline to review Mr. Djenasevic's ineffective assistance of counsel claim because the claim was not first raised below, and the record has not been sufficiently developed. *See United States v. Franklin*, 694 F.3d 1, 8-9 (11th Cir. 2012) ("It is settled law in this circuit that a claim of ineffective assistance of counsel cannot be considered on direct appeal if the claims were not first raised before the district court and if there has been no opportunity to develop a record of evidence relevant to the merits of the claim.") (quotation omitted). Though Mr. Djenasevic indicated to the district court at his sentencing hearing that he was dissatisfied with his counsel for not presenting certain evidence, he did not seek

relief from his conviction on this basis and no record was developed as to why counsel chose not to include this evidence. *See United States v. Patterson,* 595 F.3d 1324, 1328 (11th Cir. 2010) (declining to review ineffective assistance of counsel claim where record was not sufficiently developed).[2]

## IV.

Mr. Djenasavic next argues that his sentence was unreasonable. In evaluating the reasonableness of a sentence, we follow a two-step process by first determining whether the sentence is procedurally reasonable, and then determining if the sentence is substantively reasonable. *Gall v. United States*, 552 U.S. 38, 47 (2007). Here, Mr. Djenasevic's sentence was not procedurally unreasonable because the district considered the 18 U.S.C. § 3553(a) factors, calculated the Guidelines range correctly, explained its chosen sentence, and did not base its sentence on clearly erroneous facts. *See United States v. Overstreet*, 713 F.3d 627, 636 (11th Cir. 2013). Because Mr. Djenavic offers no substantive argument to the contrary,[3] we affirm the district court's sentence.

---

[2] Mr. Djenasevic also raised an allegation of ineffectiveness in a motion for rehearing that he filed with the district court. However, he does not specifically challenge the district court's denial of that motion, and therefore he has abandoned any challenge that he may have had. *See United States v. Jernigan*, 341 F.3d 1273, 1284 n.8 (11th Cir. 2003) (a party seeking to raise a claim or issue on appeal must raise it "plainly and prominently" or otherwise the issue is deemed abandoned).

[3] Most of Mr. Djenasevic's reasonableness claim focuses on his counsel's failure to object to the Presentence Investigation Report and the district court's denial of his motion for new counsel. We decline to review the former issue for the reasons stated above. As to the latter issue, the

**V.**

Mr. Djenasevic's convictions and sentences are affirmed.

**AFFIRMED.**

---

district court did not abuse its discretion in denying Mr. Djenasevic's oral request for a new attorney. The district court inquired into the reasons for Mr. Djenasevic's dissatisfaction with his attorney and determined that Mr. Djenasevic's complaint was based solely on objections that his attorney had not filed and that there was no conflict of interest or breakdown in communication between Mr. Djenasevic and his attorney. *See United States v. Calderon*, 127 F.3d 1314, 1342. ("[T]he essential aim of the [Sixth] Amendment is to guarantee an effective advocate . . . rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers.").