# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40999
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 22, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SAUL RIOS-LUNA, also known as Agustin Lopez-Mijangos,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:14-CR-266

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Saul Rios-Luna (Rios) pleaded guilty to being an alien unlawfully present in the United States after a previous deportation in violation of 8 U.S.C. § 1326. The district court imposed a within-guidelines sentence of 41 months of imprisonment.

Initially, Rios argues that the district court's application of the 16-level offense enhancement provision under U.S.S.G. § 2L1.2(b)(1)(A)(i) violates the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40999

Constitution's guarantee of equal protection because the Guideline: (1) uses prior convictions to enhance the offense level; (2) lacks an empirical basis; (3) results in excessive sentences as compared to sentences for more egregious crimes; and (4) double-counts the prior conviction.  However, the enhancement of Rios's sentence under § 2L1.2(b)(1)(A) did not violate his right to equal protection of the law.  *See United States v. Cardenas-Alvarez*, 987 F.2d 1129, 1134 (5th Cir. 1993).  We have emphasized that the Sentencing Commission intended, in singling out certain offenses under § 2L1.2 for significant enhancement, to identify and to penalize those crimes that are violent or forceful, or risk violence and the application of force.  *United States v. Zavala-Montoya*, 71 F. App'x 358, 361 (5th Cir. 2003).  Moreover, we have consistently rejected "double counting" arguments and arguments that § 2L1.2 results in excessive sentences because it is not empirically based.  *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).

In addition, Rios maintains that he should have been sentenced under § 1326(a) and that his sentence is unconstitutional because the conviction used to enhance his sentence was not alleged in his indictment.  As Rios acknowledges, his argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 226-27 (1998).  *See United States v. Pineda-Arrellano*, 492 F.3d 624, 625 (5th Cir. 2007).

Finally, Rios argues that the enhancement provision of § 2L1.2 violates his Eighth Amendment protection against cruel and unusual punishment.  However, his within-guidelines sentence is not grossly disproportionate to his offense such that it violates the Eighth Amendment.  *See Cardenas-Alvarez*, 987 F.2d at 1134.

AFFIRMED.